## No. 21477.

JAMES HAROLD MELTON, JR. *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(401 P.2d 605)

Decided May 3, 1965.     Rehearing denied May 17, 1965.

Plaintiff in error, pro se.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JOHN E. BUSH, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

JAMES HAROLD MELTON, JR., to whom we will refer as the petitioner, filed in the above entitled cause a "Motion to Vacate Judgment and Sentence and to Declare the Same Null and Void." He alleged in his motion, which was filed under the provisions of Rule 35 (b), Colo. R. Crim. P., that he was arrested "at the age of twelve years, and charged by way of Information with the crime of murder in the first degree." He further alleged that he entered a plea of guilty and that the jury chosen to determine the degree of the crime found him guilty of second degree murder, and that he was sentenced to a term of not less than twelve years nor more than life imprisonment in the state penitentiary.

The petitioner appeared pro se in the trial court upon the motion under consideration. He now appears in this court in the same manner. We have carefully studied the lengthy motion which contains much that has no relevance to the post conviction remedy made available under the provisions of the rule relied on by petitioner.

We note that the grounds upon which relief is sought are: (1) That the petitioner did not have the effective assistance of an attorney at the time of his trial on the

murder charge; (2) that an involuntary confession was admitted in evidence and submitted to the jury; (3) that the jury which heard the evidence upon the issue of the degree of the crime was improperly impaneled; and (4) that the jury was illegal in that the foreman thereof assisted in the investigation of the crime with which petitioner was charged.

The petitioner was represented upon the murder charge by a well known, capable, and experienced lawyer. The only basis upon which he relies to establish ineffective assistance of counsel appears in the record in the form of a summary by the court reporter concerning the remarks of petitioner's attorney in his opening statement to the jury. This summation is as follows:

"Mr. Johnson made an opening statement that he had not been employed in an effort to clear this boy of the charge; but that the father of the defendant had employed him merely to see that justice is done for the State first and the defendant later."

The foregoing resume does not purport to be an exact statement of the language used by counsel. It is obviously a mere summation as interpreted by the reporter. It is important to recall that the only issue that was considered at that time was the degree of the crime, specifically, whether the offense was murder in the first degree or murder in the second degree. An attempt at this point to "second guess" the effectiveness of the approach of counsel for the petitioner in making a statement to the jury, which the reporter summarized in the manner indicated, is not warranted in view of the outcome of the trial.

██ Upon collateral attack of a judgment on the basis that a person was denied effective assistance of counsel, the test is well stated in *Keller v. Tinsley*, 335 F.2d 144 (10th Cir.), at page 146:

"But be this as it may, the circumstances relied upon by appellant fall far short of the bad faith, sham, or farcical representation which would have to appear to

sustain a collateral attack against the conviction upon the theory advanced by appellant."

The claimed "ineffectiveness" of counsel in making his opening statement must be judged by the test and the results obtained. He secured a verdict of second degree murder which was the lesser of the two possible verdicts. Accordingly we hold that effective representation was thus established.

■ With reference to the allegations contained in the motion to the effect that an involuntary confession was admitted upon the trial of the murder case, we think it sufficient to say that, assuming the truth of these allegations, the error, if any, was without prejudice to any substantial right of the petitioner. The trial court was dealing with a case in which the accused had entered a plea of guilty to the crime of murder. This plea was a judicial admission of a crime amounting at least to second degree murder. The only elements which the confession could have supplied were express malice, deliberation and premeditation, which could have raised the degree of the crime from second to first degree murder. It is obvious that the confession did not have this effect because the jury returned a verdict of murder in the second degree only. Therefore assuming arguendo that the confession was involuntarily made, its admission in evidence upon the trial of the limited question was harmless error.

■■ The only basis for the contention of the petitioner that the jury was illegally impaneled is the following quotation from the reporter's transcript:

"(A jury was duly impaneled and sworn.)

The State and the Defendant accepted the Jury."

Upon collateral attack, the legality of a judgment and the regularity of the proceedings leading up to such judgment are presumed. 24 A C.J.S., Crim. L., § 1855. The petitioner has the burden to allege with particularity ultimate facts which support a conclusion that a judicial proceeding is illegal or irregular. *Schlette v.*

*People of the State of California*, 284 F.2d 827 (9th Cir.).
Petitioner alleged in his motion that a juror, who had participated in the police investigation of the crime, was permitted to serve, and that this fact prevented him from serving impartially. Here again, petitioner is confronted with the fact that the jury could only arrive at one of two verdicts, namely, the question submitted was whether the accused was guilty of first degree or second degree murder. The verdict actually returned found the petitioner guilty of the lesser offense. In view of this occurrence, we are constrained to hold that the presence on the jury of the person to whom petitioner now makes his belated objection could not have affected his rights adversely.

It appears on the face of petitioner's motion that he is not entitled to the post conviction remedy which he seeks. The judgment accordingly is affirmed.