No. 21266.

ROBERT E. LAVATO, A/K/A ROBERT E. LOVATO *v.*
THE PEOPLE OF THE STATE OF COLORADO.
(411 P.2d 328)

Decided February 7, 1966.   Rehearing denied March 14, 1966.

Charles S. Vigil, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, John E. Bush, Assistant, George H. Sibley, Special Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Justice Pringle.

Robert E. Lavato, hereinafter referred to as Lavato, seeks reversal here of a judgment sentencing him to a term of from five to ten years in the State Penitentiary.

Lavato was charged in the trial court with the unlawful and felonious possession of a narcotic drug (cannabis). Thereafter, he filed a timely motion to suppress as evidence, cigarettes and tobacco allegedly containing elements of a narcotic drug upon the ground that these items had been taken from him as a part of a seizure incident to an unlawful arrest in contravention of his rights under the Federal and State Constitutions.

At the hearing on the motion to suppress, the evidence established the following facts. On the night in question, Denver Police Officer J. F. Thirsk received information that Lavato had marijuana in his possession. The information came from an informer who was well known to the officer and who had given him accurate information concerning narcotics violations on prior occasions. In addition, the informer identified Lavato to the officer by name and later picked him out of a group of men seated in a Larimer Street cafe.

Officer Thirsk testified that he entered the cafe and spoke to Lavato. When Lavato walked out, Thirsk followed and told him that he wanted to question him. At this point, and based upon the information which the informer had supplied, Thirsk told Lavato that he had reason to believe that he had marijuana cigarettes in his possession. When asked if this was true, Lavato denied the accusation. Thirsk, without a warrant, then commenced a search of Lavato. During the process of the search, Thirsk was interrupted several times by passersby. During one of these interruptions, Thirsk had his eyes turned away from Lavato. When he looked back, he saw a brown package drop from Lavato's right hand. There was no other debris within five feet of where the two men were standing. The officer promptly seized the package which contained the cigarettes in question. Thirsk then took Lavato and the evidence to

police headquarters. The cigarettes, as well as the debris from Lavato's pockets, were identified as cannabis, commonly known as marijuana, one of the prohibited drugs under Colorado law.

The trial court found that these particular facts amounted to probable cause upon which an arrest was warranted. It therefore held that the search and seizure was lawful as incident to a valid arrest. Accordingly, the motion to suppress was denied and the seized articles were admitted into evidence on the trial of the case.

Lavato raises the following issues for our determination: (1) The exhibits taken from him were admitted into evidence in violation of his constitutional rights since the exhibits were illegally obtained as a result of an unlawful arrest, search and seizure. (2) A nonexistent crime was charged because the narcotics statute attempts an unlawful delegation of powers to the State Board of Health. (3) Counsel who was appointed to represent defendant was replaced by a less experienced attorney which amounted to a deprivation of due process under the United States Constitution. The other contentions of the defendant are but restatements of the three enumerated here.

We hold the officer's search of Lavato and the admission into evidence of the marijuana seized thereunder did not violate the defendant's constitutional rights since they were incident to a lawful arrest based upon probable cause.

1960 Perm. Supp., C.R.S., Section 39-2-20 authorizes an officer to arrest an individual without a warrant when a felony has in fact been committed, and the officer has reasonable grounds for believing that the person to be arrested has committed it.

We said in *Gonzales v. People*, 156 Colo. 252, 398 P.2d 236, that probable cause exists when the facts and circumstances of which the officers had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that

an offense has been or is being committed by the persons sought to be arrested. These are not to be measured by the yardstick of legal technicality but rather by the factual and practical consideration of everyday life upon which reasonable and prudent men act. See *Draper v. United States,* 358 U.S. 307, 79 S. Ct. 329, 3 L. Ed.2d 327, *Brinegar v. United States,* 338 U.S. 160, 69 S. Ct. 1302, 93 L. Ed. 1879.

    Applying the above test, the record supports the finding of the trial court that the arrest in question here was predicated upon reliable information that the defendant was committing a felony. Thirsk, an experienced police officer, had every reason to accept as true the information given to him since the informant had provided accurate and trustworthy information concerning narcotics possession on other previous occasions. Furthermore, the information was detailed in that the informant described the defendant by name and personally pointed him out to the police officer.

    It is not significant whether the search here preceded or followed the formal arrest procedure. As is so lucidly pointed out by Justice Traynor writing for the California Supreme Court in *People v. Simon,* 45 Cal.2d 645, 290 P.2d 531, 533, ". . . if the officer is entitled to make an arrest on the basis of information available to him before he searches, and as an incident to that arrest is entitled to make a reasonable search of the person arrested and the place where he is arrested, there is nothing unreasonable in his conduct if he makes the search before instead of after the arrest." The controlling factor is whether the officer had reasonable grounds before the search to make an arrest and whether the search and seizure incident thereto were justified under the rules we have laid down in *Hernandez v. People,* 153 Colo. 316, 385 P.2d 996.

    The same principle was recently enunciated by the United States Court of Appeals for the Seventh Circuit

in *Holt v. Simpson,* 340 F.2d 853, 856, where it is said:

"When probable cause for an arrest exists independently of what the search produces, the fact that the search precedes the formal arrest is immaterial when the search and arrest are nearly simultaneous and constitute for all practical purposes one transaction. To hold differently would be to allow a technical formality of time to control when there has been no real interference with the substantive rights of a defendant."

■ Defendant's second contention is that the statute which it was charged he violated contains an unconstitutional delegation of authority to the State Board of Health to define those drugs the possession of which the statute makes illegal. The language of which he complains is found in 1960 Perm. Supp., C.R.S., Section 48-6-1, to-wit:

"* * * and any other drug found by the state board of health * * * to have an addiction-forming or addiction-sustaining liability similar to morphine or cocaine, * * *"

Defendant's complaint in this regard is patently without merit in light of our recent decision in *People v. Stark,* 157 Colo. 59, 400 P.2d 923. There, as here, the defendants had been charged with possession of marijuana and were challenging the constitutionality of the Colorado Narcotic Drug Act. We there said:

"The defendants named in the information were not charged with an offense involving traffic in any drug which had been brought within the coverage of the statute by the administrative act of the State Board of Health * * *. The drug involved in this case is 'cannabis' and it is specifically placed in the prohibited category by act of the legislature. The defendants * * * were not accused of any conduct which became unlawful by reason of action of the State Board of Health. * * *"

■ With regard to Lavato's final point, it is our view that the replacement of defendant's first court-appointed counsel with another did not prejudice the defendant nor did it deprive him of due process of law. We have

no cause to question the competency of the attorney so substituted, and the record substantiates that he did as well as anyone could in light of the evidence in the case. More importantly, the substitution was accomplished with the express consent and full understanding of the defendant.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE MCWILLIAMS concur.