## No. 21447.

LUPE TORRES *v.* THE PEOPLE OF THE STATE OF COLORADO.
(411 P.2d 10)

Decided February 14, 1966.

JOHN R. NAYLOR, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JOHN E. BUSH, Assistant, GEORGE H. SIBLEY, Special Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

THE parties to this action will be referred to as they appeared in the trial court wherein Lupe Torres was the defendant in a criminal action brought by the People of the State of Colorado. The defendant was jointly charged with one Leroy Martinez with the crimes of burglary, larceny and conspiracy to commit burglary and larceny. That matter was tried to a jury which found the defendant guilty of counts 1, 2 and 3 of the information, and he was sentenced to the Colorado State Penitentiary. The defendant prosecuted a writ of error to the Colorado Supreme Court where the judgment of the trial court was affirmed in the case of *Torres v. People,* 149 Colo. 314, 369 P.2d 80.

Thereafter, the defendant filed a motion to vacate sentence and judgment pursuant to Rule 35(b), Colo. R. Crim. P. and a petition for appointment of counsel. The petition was granted and John R. Naylor was appointed as attorney by the court on January 28, 1964. On February 11, 1964, an evidentiary hearing was held in the District Court of Pueblo County pursuant to the defendant's petition and the matter was taken under advisement. On February 17, 1964 the Pueblo District Court entered its order and judgment denying the defendant any relief under Rule 35(b). Defendant seeks reversal of that judgment here.

As grounds for reversal, he contends (1) that he was convicted upon a coerced confession of his co-defendant, and (2) that his own counsel was incompetent in that he did not permit the defendant to take the stand in his own behalf.

After considering the testimony which was presented at the evidentiary hearing and also the record of the trial itself where the trial judge had ruled that the confession was voluntary after a hearing *in camera,* the judge at

the 35 (b) proceeding found that the co-defendant's statements were not coerced but that they were voluntary.

■ Assuming that the defendant has the standing to raise the issue of a coerced confession by his co-defendant, we would point out that evidence was taken on two separate occasions dealing with the voluntariness of the confession at issue. First, the original trial court on the basis of conflicting evidence there, and then the court in the 35 (b) proceedings on the basis of the original record, and the additional evidence presented to it, determined that the confession was voluntary. We find nothing in either record which impels us to declare that the trial judge erred as a matter of law in making such findings. See *Honda v. People,* 111 Colo. 279, 141 P.2d 178.

■■ We now turn our attention to the other question raised by the defendant. Torres accuses counsel who was assigned to represent him of incompetency in the management of his defense because he was not placed on the witness stand by counsel. He does not advise us what his testimony would have been had he been placed on the stand. Torres related in the evidentiary hearing that he had repeatedly informed his attorney of his desire to testify in his own behalf concerning the confession and the facts surrounding the burglary. He testified that counsel advised him that they had a better defense and that it would not be necessary for him to take the stand.

Obviously, the merits of the defense failed to impress the jury. However, a verdict of guilty, standing alone, does not taint the effort of defense counsel with the stigma of incompetency. The constitutional right to assistance of counsel is not a guarantee against mistakes of strategy and judgment in the course of a trial, even if we assume that it was a mistake not to put the defendant on the witness stand here. *Abel v. Tinsley,* 213 F. Supp. 784 and the cases collected therein.

■ Defendant's counsel in the trial court was a sea-

soned practitioner with much experience in criminal matters. We decline to speculate why he chose not to place the defendant on the stand except that, perhaps, it was because counsel knew of defendant's prior convictions. In any event, in the absence of a contrary indication in the record, we must assume that counsel acted in the best interests of his client. *Lucero v. People,* 158 Colo. 568, 409 P.2d 278; *Bustos v. People,* 408 Colo. 451, 408 P.2d 64; *Keller v. People,* 153 Colo. 590, 387 P.2d 421.

The judgment is affirmed.

MR. JUSTICE FRANTZ and MR. JUSTICE SCHAUER concur.