No. 23526.

WALTER EVANS v. THE PEOPLE OF THE STATE OF COLORADO.
(486 P.2d 1062)

Decided July 6, 1971.

Irving P. Andrews, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Assistant, Paul D. Rubner, Assistant, Eugene C. Cavaliere, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Lee delivered the opinion of the Court.

Plaintiff in error, Walter Evans, was convicted of second-degree burglary by a jury in the El Paso County District Court and sentenced to a term in the state penitentiary. By this writ of error he seeks to reverse the judgment of conviction.

On the evening of August 29, 1967, police officers in

Colorado Springs were following a car they believed to be driven by a person who had a police record. The officers observed the car stop behind a supermarket. An occupant of the car approached the rear door of the market. After calling for reinforcements the officers observed that the door to the compressor room of the supermarket had been forcibly opened and a hole knocked through the inside concrete wall. Upon entry, the officers apprehended two persons, one of whom was Walter Evans. Evans was caught hiding under a desk in the supermarket manager's office.

Evans' court appointed counsel did not file a motion for a new trial. However, new counsel appeared in the case and the trial court permitted the late filing of a motion for a new trial. The grounds asserted were inadequacy of appointed counsel. After an evidentiary hearing the motion was denied.

Evans asserts prejudicial error in two particulars: first, that he was denied due process of law because he had inadequate counsel which prevented him from having a fair trial; and, second, that the court erred in denying his motion for a new trial in that the verdict was contrary to the law and the admissible evidence. The case was submitted to this Court on briefs of the parties, without oral argument. We find this to be proper. *McClendon v. People*, 174 Colo. 7, 481 P.2d 715. Our examination of the record reveals no prejudicial error and we therefore affirm the judgment of conviction.

## I.

We do not consider it necessary to restate the particulars of the mistakes allegedly made upon which Evans predicates his contention of inadequacy of counsel. They include failure to object to alleged hearsay evidence; failure to move for a mistrial; failure to make motions; failure to tender an instruction on defendant's theory of the case; and failure to object to an instruction on circumstantial evidence.

■ Both the district attorney and Evans' counsel approved all of the instructions given by the court, including the instruction on circumstantial evidence. We are not advised in what manner the circumstantial evidence instruction is erroneous, nor do we perceive any improper statement of the law therein. Having examined all of the instructions, we conclude that the jury was properly instructed.

■ Concerning the other particulars which Evans contends support his claim of inadequacy of counsel, we agree with the trial court that, when viewed in totality, they do not demonstrate flagrant shortcomings from which it could be reasonably concluded that appointed counsel was incompetent, or that his representation of the defendant was a sham, farce, or was conducted in bad faith. The record, on the other hand, convinces us that such alleged mistakes were those of strategy or judgment only and that Evans' constitutional right to effective assistance of counsel was not in any way infringed. *See Martinez v. People,* 173 Colo. 515, 480 P.2d 843; *Dolan v. People,* 168 Colo. 19, 449 P.2d 828; *Torres v. People,* 159 Colo. 254, 411 P.2d 10; *Melton v. People,* 157 Colo. 169, 401 P.2d 605, *cert. denied,* 382 U.S. 1014, 86 S.Ct. 624, 15 L.Ed.2d 528.

## II.

■ Evans argues that the verdict was contrary to the law and the evidence because the People failed to prove he had any intent to commit theft. Evans testified and denied he intended to commit theft. This question was one for resolution by the jury and the jury found against Evans.

The record shows sufficient circumstances from which the jury could reasonably conclude that Evans in fact did possess such an intent. The back door to the compressor room had been forcibly opened; a hole had been broken through the inner concrete wall; burglar tools — a hammer and crowbar — were found inside the

store building near the hole in the wall; and Evans was apprehended in the manager's office hiding under the desk. In the absence of any credible explanation, such circumstances sufficiently justify the inference that Evans did possess the specific intent to commit theft, which is an essential element of the crime charged. *Goddard v. People,* 172 Colo. 498, 474 P.2d 210; *Garcia v. People,* 172 Colo. 329, 473 P.2d 169; *Mathis v. People,* 167 Colo. 504, 448 P.2d 633.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE not participating.