No. 24467.

GLENN FREDERICK FINLEY *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(488 P.2d 883)

Decided September 20, 1971.

2

DALE G. YOAKUM, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE,

Deputy, TENNYSON W. GREBENAR, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

THE defendant, Glenn Frederick Finley, was tried and convicted of Possession of Narcotic Drugs (C.R.S. 1963, 48-5-2), with the following facts deemed relevant herein:

The arresting officers were having supper at a local restaurant when a busboy not personally known to either one of them came up and stated that he overheard the defendant and others "talking about a big deal and a sale of narcotics and showing a large roll of bills," and also that one party claimed to be a federal agent. When the defendant and his friends left the restaurant, they were followed by the officers, stopped, and patted down or frisked, with one of the officers recovering a large roll of bills from the defendant's pocket. The persons were then placed in a police car and asked for identification. While questioning the defendant, one of the officers noticed that he mumbled, and appeared to have something in his mouth. When he refused to produce the substance, the officer grabbed him by the throat and ordered him to release the object, which was done. The contents of this cellophane package formed the substance of the charge and conviction herein.

The defendant argued at trial, and renews that argument in this appeal, that the contraband recovered from his mouth should have been suppressed as evidence by the trial court. We agree, based upon our conclusion that the officers lacked the requisite probable cause to arrest, and thus could not lawfully seize the contraband.

As a preliminary, we briefly examine the seizure of the roll of bills from the defendant's pocket. It is well established that an officer may conduct a limited search for weapons (a so-called "pat down" or "stop and

frisk") for his own safety when he is justified in believing that he is dealing with a potentially armed and dangerous individual. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). *See also People v. Bueno,* 173 Colo. 69, 475 P.2d 702 (1970). In the instant case, not only was there not any evidence that the defendant may have been armed, but the record is also barren of any indication that the roll of bills was removed from the defendant's pocket in the belief that it was a weapon. Quite to the contrary, the testimony of the officer would seem to indicate that he was aware that the bulge was a roll of bills. As we said in *Bueno, supra:*

"The search conducted herein was not the 'reasonable search for weapons' contemplated by *Terry.* The ring and keys that were seized were not shown by any evidence produced at the hearing to have been taken from the defendant under any belief that they might be a weapon or weapons, and *therefore they should not have been removed from the appellant's coat. * * * " Id.* (Emphasis added.)

The roll of bills being illegally seized from the coat of the defendant, it may not be introduced as evidence at trial, nor may it act as an element in forming the basis of probable cause for the subsequent arrest.

█ We next meet the question of whether there was probable cause to arrest the defendant at the time of the search for and the recovery of the cellophane container. Resolving the assignment of error is complicated somewhat by a lack of evidence in the record at what point in the sequence of events the arrest took place. We note, however, that such arrest must have occurred reasonably contemporaneously with the forced removal of the cellophane package from the mouth of the defendant, else such forced removal cannot be justified as a search incident to an arrest. While it is not mandatory that an incident search precede the arrest, so long as reasonably contemporaneous with same, *Lavato v. People,* 159 Colo. 223, 411 P.2d 328 (1966), it is axiomatic that such search

may not serve as part of the justification for such arrest. *Sibron v. New York,* 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968).

We said in *Gonzales v. People,* 156 Colo. 252, 398 P.2d 236 (1965) that probable cause exists when the facts and circumstances of which the officers had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed by the persons sought to be arrested. These are not to be measured by the yardstick of legal technicality but rather by the factual and practical consideration of everyday life upon which reasonable and prudent men act. *See Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); *Brinegar v. United States,* 338 U.S. 160, 69, S.Ct. 1302, 93 L.Ed. 1879 (1949).

■ There was nothing to indicate when the sale of narcotics had taken place or was to be consummated. There was no evidence that the officers knew of any previous criminal activity on the part of the defendant, or that defendant was under investigation for any other criminal activity at the time of the arrest. There being no probable cause, the arrest was unlawful. Consequently, when at that time the defendant's mouth was forced open by pressure on his throat, the recovery of the cellophane-wrapped substance was not incident to a lawful arrest. We therefore conclude that it was error to allow the introduction into evidence of the contents of the cellophane package.

The judgment of the trial court is reversed and the cause remanded for new trial.

MR. JUSTICE HODGES, MR. JUSTICE GROVES and MR. JUSTICE LEE concur.