## No. 24380.

## Ned Clark v. The People of the State of Colorado.
(488 P.2d 1097)

Decided September 27, 1971.

WALTON, TAMMEN & HUDSON, NORMAN E. WALTON, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, E. RONALD BEEKS, Assistant, for defendant in error.

*En Banc.*

GEORGE V. KEMPF, District Judge*, delivered the opinion of the Court.

PLAINTIFF in error, hereinafter called defendant, went to trial upon his plea of not guilty to the charge that: ". . . about the 17th day of March, 1969, in the County of El Paso, Colorado, Ned Clark did unlawfully and feloniously and purposely engage in conduct which, under the

circumstances, was a substantial step in a course of conduct planned to culminate in the commission of a crime, to wit: rape, and Ned Clark, a male person, feloniously, willfully and forcibly attempted to make an assault upon one Deanna Lee Soderberg, a female person not then and there his wife, and then and there feloniously, violently, forcibly and against her will, did forcibly attempt to rape and carnally know her, the said Deanna Lee Soderberg; in violation of Colorado Revised Statutes 1963, 40-2-28, 40-2-25, 40-25-1, and against the peace and dignity of the People of the State of Colorado. Attempted 1st Degree Rape."

Upon trial by jury defendant was found guilty and ultimately sentenced to the Colorado State Reformatory, to which judgment he brings writ of error upon an agreed statement of the case.

The first assignment of error is based upon the contention that the information does not charge a crime; the second, that 1967 Perm. Supp., C.R.S. 1963, 40-25-1, is unconstitutional; and the third arises from the court's refusal to give two tendered instructions.

 It is conceded that the charge as above quoted is not a model of clarity. However, the question is whether after eliminating as surplusage the "attempt to make an assault," sufficient remains to charge an attempt to commit rape. This question is answered in the affirmative. Intent to commit rape is included in the charge of attempt to commit rape whether specifically alleged or not.

### I.

 The contention, which defendant advances, that there is no crime of attempt to commit rape under 1967 Perm. Supp., C.R.S. 1963, 40-25-1, in view of the existence of the crime of assault with intent to commit rape under C.R.S. 1963, 40-2-34, is without merit. These are separate and distinct offenses. *Ramirez v. State,* 55 Ariz. 441, 103 P.2d 459.

## II.

 The challenge to the unconstitutionality of C.R.S. 1963, 40-25-1 is claimed to flow from alleged vagueness and indefiniteness constituting a deprivation of due process of law. A statute is presumed to be constitutional and one attacking its validity has the burden of establishing invalidity beyond a reasonable doubt. *Flank Oil Co. v. Tennessee Gas Transmission Co.*, 141 Colo. 554, 349 P.2d 1005. The statute in question redefines the old crime of attempt in novel language, but it cannot be said that it fails to give fair warning of what is forbidden to men of common intelligence. *Self v. People,* 167 Colo. 292, 448 P.2d 619, illustrates the standard that is applied. The defendant failed to meet his burden on the constitutional issue.

## III.

 Defendant's Tendered Instruction No. 1 was as follows:

"In this case the crime charged consists of an act combined with a specific intent. Proof of the commission of any act or series of acts toward completion of the crime does not in and of itself, warrant any presumption that the defendant had the specific intent to commit the crime of rape."

The instruction is not a correct statement of the law in this case. 1967 Perm. Supp., C.R.S. 1963, 40-25-1, includes the following language:

"An attempt to commit a crime requires that the person has an intent to perform any act, and to obtain any result which, if accomplished, would constitute such crime, and that he does any act toward the commission of the crime *which demonstrates, under the circumstances,* that he formed that intent. . . ." (Emphasis added.)

 The other tendered instruction, which was refused, would require a transcript of the testimony to

determine whether there was evidence to justify its use. No transcript having been furnished, this alleged error cannot be considered.

The judgment is affirmed.

EDWARD J. BYRNE, District Judge*, participating.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE ERICKSON not participating.

*District Judges sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.