## No. 24591

**Richard Orville Diggs v. The People of the State of Colorado**
(492 P.2d 840)

Decided January 17, 1972.

Smith & Renfrow, Michael J. Smith, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Michael T. Haley, Assistant, Tennyson W. Grebenar, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HODGES.

Defendant Diggs was charged with attempted removal of automobile parts. A jury found him guilty and he was sentenced to the penitentiary. On writ of error, the defendant urges reversal for several reasons, none of which, in our view, are meritorious. We therefore affirm the judgment.

Shortly after midnight, one Nicholson and one Shelton drove to a garage in Colorado Springs to pick up a car belonging to Shelton. After letting Shelton out, Nicholson drove down the alley behind the garage and saw what he believed to be a man removing parts from a car hooked onto a wrecker parked in the alley. Nicholson backed up to get Shelton and together they pursued a man who ran away from the car in question. They caught the defendant about 300 feet away from the garage.

A passing police car was stopped, and after being informed by Nicholson and Shelton that they had apprehended Diggs while trying to steal parts from the auto, the police searched

Diggs. This turned up a screwdriver, pliers, two wrenches, four bolts and a radiator hose clamp. The defendant, without being asked, told conflicting stories as to what he was doing and where he was going. While another police car took Diggs to jail, the original officers went to the car in question and discovered that the radiator had just about been disconnected from the auto. They also found that a hose clamp had been removed and that all of the radiator bolts were missing. The next morning, a battery was found behind a post located close to the auto. This battery was identified as having come from the auto in question.

The defendant's attorney on this writ of error is not the same attorney that represented him at trial.

I.

The defendant first asserts that the information is fatally defective because it does not clearly or properly charge the defendant with the felony of attempted theft of auto parts having a value of twenty dollars or more.

For the statutory description of the substantive crime of theft of auto parts, see C.R.S. 1963, 13-13-5. Criminal attempt is defined as follows in 1967 Perm. Supp., C.R.S. 1963, 40-25-1(1):

"An attempt to commit a crime requires that the person has an intent to perform any act, and to obtain any result which, if accomplished, would constitute such crime, and that he does any act toward the commission of the crime which demonstrates, under the circumstances, that he formed that intent and would commit the crime except for the intervention of another person or some other extraneous factor."

While the information is not a model, it reasonably conveys the exact nature of the crime charged, including the time and place of its alleged commission.

The object of any information is to furnish the accused with a sufficient description of the charge against him to enable him to prepare his defense, and to avail himself, after his conviction or acquittal, of the protection against further prosecution for the same offense. *People v. Allen*, 167 Colo. 158, 446 P.2d 223; *People v. Warner*, 112

Colo. 565, 151 P.2d 975. It has also been held that clumsy wording alone does not render an information defective where its meaning is, nevertheless, clear. *Petty v. People,* 156 Colo. 549, 400 P.2d 666.

In challenging this information, the defendant also argues that it fails to sufficiently allege the material element of intent and that generally its wording is so vague that it should be declared fatally defective. These contentions are adequately disposed of by our recent decision in *Clark v. People,* 176 Colo. 48, 488 P.2d 1097. Although in that case the information charged an attempt to commit a different crime, the wording was very similar to the wording of the information in the instant case. With reference to the attempt allegations in *Clark,* we held that the words "unlawfully and feloniously and purposely" did sufficiently amount to an allegation of the required intent. Also, in upholding the information in *Clark,* we held that the information there was not so vague and indefinite as to not "give fair warning of what is forbidden to men of common intelligence."

None of the reasons which the defendant advances for declaring that this information is fatally defective are meritorious. The information here charges a crime and it is otherwise adequate.

## II.

Defendant next contends that the trial court erred in denying his motion to suppress the physical evidence obtained from him and the statements made by the defendant at or about the time of his arrest. The defendant agrees that if the police had probable cause to arrest, the search could be justified as incident to arrest. However, the defendant here argues that the police did not have any probable cause to arrest him. We agree with the trial court's finding that the police officers did have probable cause. In *People v. Navran,* 174 Colo. 222, 483 P.2d 228, we said:

"A court must determine whether the facts available to a reasonably cautious officer at the moment of arrest would warrant his belief that an offense has been or is being committed. *Lucero v. People,* 165 Colo. 315, 438 P.2d 693

(1968) cert. den. 393 U.S. 893, 89 S.Ct. 217, 21 L.Ed.2d 173."

The testimony in this record shows that the police officers were stopped by two citizens who had the defendant "in custody." The citizens told the officers what they had seen and done. The defendant's clothing and hands were covered with black grease and the defendant was winded and sweaty. We agree with the trial court that this was sufficient to give the officers probable cause to believe that an offense had been committed and probable cause to arrest the defendant. It is insignificant whether the search precedes or follows the formal arrest. *Lavato v. People,* 159 Colo. 223, 411 P.2d 328. The officers here had probable cause to arrest the defendant and therefore the search of the defendant, which disclosed the tools, bolts and clamp, was justified and valid. *See Finley v. People,* 176 Colo. 1, 488 P.2d 883; *People v. Navran, supra; People v. Bueno,* 173 Colo. 69, 475 P.2d 702; *Jones v. People,* 167 Colo. 153, 445 P.2d 889; and *Hernandez v. People,* 153 Colo. 316, 385 P.2d 996.

Neither do we find that the trial court erred in admitting the statements made by the defendant at or about the time of his arrest. As stated by this court in *People v. Smith,* 173 Colo. 10, 475 P.2d 627, ". . . both *custody* and *interrogation* must. . . be involved before the rules enunciated in *Miranda* will apply." See also *Mathis v. United States,* 391 U.S. 1, 88 S.Ct. 1503, 20 L.Ed.2d 381. In this case, the police were not interrogating the defendant. Some questions were asked of the two citizens who captured the defendant, but the statements of the defendant at this time were voluntary, spontaneous, and not in response to any interrogation by the police. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 does not prohibit the use of statements made voluntarily in the absence of interrogation. *Maes v. People,* 160 Colo. 528, 418 P.2d 891; *LaBlanc v. People,* 160 Colo. 575, 418 P.2d 888.

### III.

We hold that defendant's contention of this writ of error that he was not represented by competent counsel at

trial is not sustained by the record. In his brief, the defendant makes the general statement that his trial counsel was incompetent because no evidence was presented to contradict the People's witnesses or to tend to establish an alibi. Also, the defendant now says his trial counsel objected too many times during the presentation of the People's case, and that counsel's tactics in this respect, may have prejudiced the jury. As a so-called "most glaring example" of trial counsel's incompetency, defendant sets forth his failure to attack the constitutionality of the "statute," presumably, the attempt statute, under which the defendant was charged. The dominant theme running throughout the recent cases which have considered this point, is stated in *Dolan v. People,* 168 Colo. 19, 449 P.2d 828.

"The constitutional right to assistance of counsel is not a guarantee against mistakes of strategy or exercise of judgment in the course of a trial as viewed through the 20/20 vision of hindsight following the return of a verdict in a criminal case."

We said in *Melton v. People,* 157 Colo. 169, 401 P.2d 605 that

"To sustain a collateral attack against a conviction upon the ground of ineffective assistance of counsel, the defendant must prove bad faith, sham or farcical representation upon the part of counsel."

The defendant here has not made any showing which would substantiate such an attack in light of the above tests. *See also Evans v. People,* 175 Colo. 269, 486 P.2d 1062; *Torres v. People,* 159 Colo. 254, 411 P.2d 10; *Bustos v. People,* 158 Colo. 451, 408 P.2d 64.

## IV.

Defendant's contention that 1967 Perm. Supp., C.R.S. 1963, 40-25-1 is unconstitutional because of vagueness and overbreadth was considered and rejected by this court in *Clark v. People, supra.*

## V.

The defendant's several objections to the trial court's failure to give the jury his tendered instructions have been

considered and rejected as being any basis for reversal.

Judgment affirmed.

MR. JUSTICE DAY, MR. JUSTICE LEE and MR. JUSTICE ERICKSON concur.