No. 24644

## James M. Steward v. The People of the State of Colorado
(498 P.2d 933)

Decided June 19, 1972.

32

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Randolph M. Karsh, Deputy for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Aurel M. Kelly, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

James M. Steward was convicted of assault with a deadly weapon. C.R.S. 1963, 40-2-34. In post-conviction proceedings, he has sought reversal by asserting various grounds, including a claim of incompetence of his defense counsel. In our opinion, the defendant's claims are without merit, and we, therefore, affirm.

When trial strategy fails to produce an acquittal, incompetence of counsel cannot be said to exist by way of presumption or by wild speculation. The charge made by the defendant in this case, which attempts to discredit the legal

abilities of his counsel, is one that we see all too often. The basic duty which the lawyer has to the accused is to serve as counsellor and advocate with courage and devotion and to the utmost of his learning and ability. *American Bar Association Standards of Criminal Justice Relating to The Defense Function,* § § 1.1, 3.1.

 To support his assertion that counsel was incompetent, he urges that reversal should be granted because cross-examination was permitted on previous felony convictions that the defendant had suffered without a prior foundation which would establish that he had counsel at the time that he was convicted. The trumpet call of *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), as reflected in the words of *Loper v. Beto,* 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972), has provided a basis for the defendant's claim under proper circumstances. *See also, Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). *Loper v. Beto, supra,* which has been given retroactivity in its application, clearly requires that convictions which will be used for impeachment purposes must not have been obtained without the guiding hand of counsel. Here, however, the defendant first brought his convictions to the attention of the jury and made no claim that he was not represented by counsel. This Court has held that the pronouncements in *Burgett v. Texas, supra,* and *Loper v. Beto, supra,* are not applicable unless the defendant has made a prima facie showing that his convictions were constitutionally infirm by reason of want of counsel or a knowing and intelligent waiver of counsel. *People v. Woll,* 178 Colo. 443, 498 P.2d 935.

In the defendant's motion for a new trial, he asserts that the incompetence of his defense counsel is reflected by the failure to present certain evidence at the time of trial which he identifies as newly discovered evidence. The evidence in issue was not newly discovered evidence as contemplated by Crim. P. 33. The evidence which the defendant claims to have discovered relates only to the injuries which his landlord suffered.

■ Defense counsel stands as captain of the ship in ascertaining what evidence should be offered and what strategy should be employed in the defense of the case. His position is well described in the *American Bar Association Standards of Criminal Justice Relating to The Defense Function:*

"5.2 Control and direction of the case.

"(a) Certain decisions relating to the conduct of the case are ultimately for the accused and others are ultimately for defense counsel. The decisions which are to be made by the accused after full consultation with counsel are: (i) what plea to enter; (ii) whether to waive jury trial; (iii) whether to testify in his own behalf.

"(b) The decisions on what witnesses to call, whether and how to conduct cross-examination, what jurors to accept or strike, what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client.

"(c) If a disagreement on significant matters of tactics or strategy arises between the lawyer and his client, the lawyer should make a record of the circumstances, his advice and reasons, and the conclusion reached. The record should be made in a manner which protects the confidentiality of the lawyer-client relation."

The representation that was afforded the defendant in this case does not fall within the "bad faith, sham, or farcical representation tests" which we enunciated in *Melton v. People,* 157 Colo. 169, 401 P.2d 605 (1965). *Diggs v. People,* 177 Colo. 60, 492 P.2d 840 (1972); *Evans v. People,* 175 Colo. 269, 486 P.2d 1062 (1971).

■ In keeping with the weight of authority, we have often declared that the constitutional right to the assistance of counsel is not a guarantee against mistakes of strategy and judgment in the course of the trial. *Dolan v. People,* 168 Colo. 19, 449 P.2d 828 (1969); *Torres v. People,* 159 Colo. 254, 411 P.2d 10 (1965).

■ The facts of this case, when analyzed in the light of the defendant's claim of incompetency of counsel, reflect the

trial strategy that was employed and support our conclusion that the defendant was provided effective counsel and was given a fair trial.

■ James M. Steward and his wife fraternized with their landlord and his wife. On the day in question, a dispute arose between the foursome as to whether or not the defendant and his wife had paid their rent. In reviewing the problem, the parties engaged in a drinking bout. Eventually, they went to a bowling alley where the argument between the parties rose to the level that the wives entered into a fight. The defendant, however, did not participate in the bowling alley fracas, although his landlord did. As a result, the landlord, for his efforts, was struck by another man and suffered a head injury when his head struck a sharp object. When the parties returned to the apartment, the controversy over the payment of rent commenced anew, and the wives again started to fight, with the landlord attempting to intervene to stop the altercation. At that time, the defendant, who had a long felony record and who was an expert with firearms, shot at his landlord. The defendant claimed that if he had wanted to hit the landlord, he could have and contended that the landlord's injury was not occasioned by the shot, but by the fight that the landlord had participated in at the bowling alley. We need not speculate as to the facts, because those issues were resolved by the jury which was provided with evidence which was, in our opinion, sufficient to establish assault with a deadly weapon.

The remaining assertions of error are without merit and do not require comment.

Accordingly, the judgment of the trial court is affirmed.