## No. 25981

## The People of the State of Colorado v. John P. O'Neill
(523 P.2d 123)

Decided June 10, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Tennyson W. Grebenar, Assistant, for plaintiff-appellee.

Pound & Lucero, Carlos F. Lucero, for defendant-appellant.

MR. JUSTICE ERICKSON delivered the opinion of the Court.

John P. O'Neill was tried before a jury on charges of second-degree burglary, theft, and conspiracy to commit burglary. 1965 Perm. Supp., C.R.S. 1963, 40-3-5; 1967 Perm. Supp., C.R.S. 1963, 40-5-2; and C.R.S. 1963, 40-7-35. He was convicted on all three charges and now appeals to this court. We affirm.

The prosecution's evidence established that shortly before midnight the Alamosa police were notified that three people had gotten out of an automobile which was parked behind Gibson's store in Alamosa, Colorado, and were seen walking toward the rear door of the store. A police officer was sent to the vicinity of Gibson's store and found three sets of footprints in the snow leading from a parked car to the rear of the store. The police officer also found a number of firearms, a tire rod, and a flashlight in the snow near the store. O'Neill and two companions were found attempting to conceal themselves in a nearby ditch.

Subsequently, the police determined that the rear door of the store had been forced open and firearms were removed from the store. The missing firearms were identified as those which the arresting officer found on the ground outside of the store.

During the pre-trial stages of O'Neill's case, a succession of four attorneys were appointed by the court to represent O'Neill. For various reasons, the first three attorneys sought and received permission from the court to withdraw from the case. The fourth and ultimate trial attorney was appointed nearly three months prior to the trial.

I.

### Effective Assistance of Counsel

O'Neill contends that the withdrawal of the three court-appointed lawyers and the appointment of the fourth lawyer disrupted the pre-trial preparation of his defense to such an extent that he was denied effective assistance of counsel. The defendant asserts that competency of counsel is not in issue but argues that the effect of changing counsel three times deprived him of his constitutional right to effective assistance of counsel. *See U.S. Const.,* amend. VI; *Colo. Const.,* Art. II, Sec. 3.

 Effective assistance of counsel is one of a defendant's most fundamental rights. Without such assistance, a defendant's ability to assert any other right may be seriously impaired. *See People v. White,* 182 Colo. 417, 514 P.2d 69 (1973); *United States v. Ash,* 413 U.S. 300, 93 S.Ct. 2568,

37 L.Ed.2d 619 (1973); *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Schafer, *Federalism and State Criminal Procedure,* 70 Harv. L. Rev. 1 (1956); Kamisar, *The Right to Counsel and the Fourteenth Amendment: A Dialogue on "The Most Pervasive Right" of an Accused,* 30 U. Chi. L. Rev. 1 (1962); *William A. Beaney, The Right to Counsel in American Courts* 32 (1955); *American Bar Association Standards for Criminal Justice Relating to Providing Defense Services.* Effective assistance of counsel relates not only to a lawyer's liability for malfeasance or misfeasance in presenting the defense, but also to a counsel's duty to protect his client's constitutional rights. *See Coles v. Peyton,* 389 F.2d 224 (4th Cir.), *cert. denied* 393 U.S. 849, 89 S.Ct. 80, 21 L.Ed.2d 120 (1968); *United States v. Heard,* 348 F.2d 43 (D.C. Cir. 1965); Bazelon, *The Defective Assistance of Counsel,* 42 U. Cinn. L. Rev. 1 (1973); *American Bar Association Standards for Criminal Justice Relating to The Defense Function.* Consequently, the "effective assistance of counsel" encompasses a guarantee that defense counsel shall have sufficient time to prepare adequately for trial. *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932).

■ In this case, O'Neill argues that representation by a succession of appointed defense lawyers in some way constitutes *per se* a denial of his right to the effective assistance of counsel. However, in our view, before the appointment of the successive attorneys may amount to a denial of the right to effective counsel, it must be shown that the ultimate trial counsel has been deprived of his opportunity to protect adequately the defendant's constitutional rights or prepare for trial. The burden of making such a showing, under Colorado law, rests on the defendant. *Diggs v. People,* 177 Colo. 60, 492 P.2d 840 (1972); *Valdez v. District Court,* 171 Colo. 436, 467 P.2d 825 (1970); *Melton v. People,* 157 Colo. 169, 401 P.2d 605 (1965). *See United States v. DeCoster,* 487 F.2d 1197 (D.C. Cir. 1973).

■ In light of the fact that O'Neill's fourth defense counsel had nearly three months to prepare O'Neill's defense

and attack any prior violation of O'Neill's constitutional rights, the allegation that O'Neill was denied effective assistance of counsel was not proven. In fact, the diligent efforts and extensive preparation of the defendant's fourth lawyer establish not only effective assistance of counsel, but rise to the highest standards of trial advocacy.

## II.
### Speet Trial

■ O'Neill contends that the ten-month delay between his arrest and trial constituted a violation of his constitutional right to a speedy trial. *U.S. Const.*, amend VI; *Colo. Const.*, Art. II, Sec. 16. The *constitutional* right to a speedy trial, as distinguished from the *statutory* right to a speedy trial, does not require that a defendant be tried within a specified period of time. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The constitutional right to a speedy trial requires only that a trial be held within a time period consistent with the court's case load. *Jaramillo v. District Court*, 174 Colo. 561, 484 P.2d 1219 (1971).

"The burden is upon a defendant who asserts denial of a speedy trial to show facts establishing that, consistent with the court's trial docket conditions, he could have been afforded a trial." *Rowse v. District Court*, 180 Colo. 44, 502 P.2d 422 (1972).

■ In this case, O'Neill made no showing whatsoever that his trial was not held within a period of time consistent with the court's trial docket.

## III.
### Conspiracy

■ The prosecution relied upon circumstantial evidence to establish the commission of both the substantive crimes and conspiracy. O'Neill argues that the same circumstantial evidence may not provide the basis for a conviction of both the substantive crime and conspiracy. Under O'Neill's theory, even in those cases where the defendant is found guilty of the substantive crime, there must be some separate and independent evidence of the conspiracy itself before the conviction may be upheld. *See People v. King*, 179 Colo. 94, 498 P.2d

1142 (1972). Colorado law does not recognize such a requirement.

"The circumstances necessary to support a conviction of conspiracy are those which show that the defendants pursued by their acts the same objective . . . with a view to the attainment of that same objective." *Abeyta v. People,* 156 Colo. 440, 400 P.2d 431 (1965).

*See Young v. People,* 180 Colo. 62, 502 P.2d 81 (1972); *Goddard v. People,* 172 Colo. 498, 474 P.2d 210 (1970). The circumstantial evidence introduced in this case, when taken as a whole and viewed in the light most favorable to the prosecution, supports the jury's finding of guilt. *See People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973).

IV.

Defects in the Indictment

O'Neill's other assignments of error relating to defects in the indictment as to allegations of time and ownership are controlled by prior case law and are without merit. *See Marn v. People,* 175 Colo. 242, 486 P.2d 424 (1971) and *Diebold v. People,* 175 Colo. 96, 485 P.2d 900 (1971).

Accordingly, we affirm.

MR. JUSTICE KELLEY does not participate.