Office of State Auditor Suite 2410, 1660 Lincoln Street Denver, Colorado 80203
Attention: John W. Mathews, Deputy State Auditor
Gentlemen:
QUESTION PRESENTED AND CONCLUSION
This memorandum responds to the Legislative Audit Committee's request for advice concerning legally permitted uses of the Highway Users Tax Fund.
 Highway-related revenue is constitutionally limited to use for the construction, maintenance and supervision of the public highways, which terms should be accorded a broad interpretation. The comprehensive statutory structure for appropriating such funds is constitutional and may be modified, but modification may be only by substantive legislation, not by a general appropriations bill.
ANALYSIS
Article X, section 18 of the Colorado constitution provides that "the proceeds from the imposition of any license registration fee or other charge with respect to the operation of any motor vehicle . . . and the proceeds from the imposition of any excise tax on gasoline or other liquid motor fuel shall, except costs of administration, be used exclusively for the construction, maintenance, and supervision of the public highways of this state." While this provision clearly limits the purposes for which such revenue may be expended, it is equally clear that the Legislature retains its appropriative authority over those revenues within the sphere of delineated purposes. Johnsonv. McDonald, 97 Colo. 324, 49 P.2d 1017 (1935). Although it is impossible to define all the possible uses of tax fund revenue which are constitutionally permissible, an operative principle of constitutional law accords legislative enactments a presumption of validity. This presumption in favor of legislative enactments is codified in C.R.S. 1973, 2-4-201. Under this precept, the language "construction," "maintenance," and "supervision" of highways would be accorded a broad interpretation encompassing all aspects and ramifications of road building and maintenance, as well as supervision and control of vehicles and persons utilizing the roadways. One who attacks the constitutionality of a statute has the burden of establishing the invalidity of the statute beyond a reasonable doubt. Clark v. People,176 Colo. 48, 488 P.2d 1097 (1971).
The primary statutory provisions governing the fund are found in C.R.S. 1973, 43-4-201 et seq., but legislation which alters the general structure is contained in other portions of the Colorado Revised Statutes and therefore must be considered. The main elements of the statutory structure are as follows. "Net revenue" derived from the various sources of revenues earmarked by the constitution for highway purposes is credited to the highway users tax fund. Net revenue is derived by deducting refunds, costs of collection, and expenses of administration from the gross revenue generated by the collection of earmarked taxes, fees and charges. It is our opinion that the statutory term "costs of collection and expenses of administration" (C.R.S. 1973, 43-4-202(1)) is coextensive with the constitutional term "costs of administration," which we believe would be construed to mean the cost of administering the fund's revenue generating system.
Net revenue is then subject to division according to various statutory enactments. For example, payments are made to the highway crossing protection fund as provided in C.R.S. 1973,43-4-205. The costs of the Colorado State Patrol are paid pursuant to yearly legislative appropriation. C.R.S. 1973,43-4-206. In addition, appropriations are made by the Legislature out of net revenues directly to the Public Utilities Commission for its administrative expenses in the supervision and regulation of motor carriers. C.R.S. 1973, 40-2-110(2).
The Legislature has also created a special account within the highway users tax fund for motor vehicle emission control activities of the Departments of Health and Revenue. Expenditures from this account are subject to appropriation by the Legislature. C.R.S. 1973, 42-4-302(4)(d). Another special account exists for the purpose of paying costs of administration and enforcement of the safety inspection program subject to appropriation by the Legislature. C.R.S. 1973, 42-4-303(4)(a). According to present statutory provisions, these special accounts maintain their own identity and are not subject to the general net income revenue allocation system.
We have carefully examined the above statutes and have found them to be consistent with the constraints of article X, section 18 of the Colorado constitution. It is our opinion that they all fall within the appropriate scope of legislative authority countenanced by the state constitution. Supervision and maintenance of the highways logically includes control of vehicles which operate on the highway and is sufficiently broad to encompass the State Patrol, PUC, health and revenue functions contained in the above-referenced statutes. Motor vehicle emission control activities are also connected with the construction of highways, since the Federal Highway Act requires air quality impact evaluation and compliance with federal and state air pollution control requirements, in order to be eligible for federal highway construction funding. 23 U.S.C. § 109(j).
Pursuant to the statutory standard, the balance of net revenue following all statutorily authorized deductions, is allocated in the following proportions for the uses set forth in the appropriate statutory provisions: sixty-five percent to the state highway fund, C.R.S. 1973, 43-4-206, twenty-six percent to the counties, C.R.S. 1973, 43-4-207, and nine percent to the municipalities, C.R.S. 1973, 43-4-208. Expenditures from the state highway fund are pursuant to the annual budget prepared by the State Highway Commission, C.R.S. 1973, 43-1-105, and are expended through the continuing appropriation contained in C.R.S. 1973, 43-4-204 and 206.
As stated previously, the Legislature may pass enabling legislation which alters the general statutory trust fund structure. It has done so in specific instances besides those mentioned above. For example, by enactment, the Legislature has appropriated monies from the state highway fund to pay the cost of judgments rendered against the state for negligent design, supervision, or maintenance of highways. As an example, see 1973 Colo. Sess. Laws Ch. 1 at p. 1. Also see C.R.S. 1973, 33-30-110(4) where the Legislature, by special enactment, has authorized itself to appropriate money from the state highway fund for the purpose of construction and maintenance of roads and highways in state recreation areas and parks.
The effect of a special enactment is to amend the general provisions of the highway user tax fund statutes, C.R.S. 1973,43-4-201. As provided in C.R.S. 1973, 2-4-205 a particular enactment controls over the more general enactment:
 If a general provision conflicts with a special or local provision, it shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail.
Having set up a comprehensive statutory structure for allocation of highway user tax fund money pursuant to continuing appropriation, the Legislature may alter or modify that structure only by substantive legislation. It may not effect such an amendment or modification through the vehicle of a general appropriations bill. For example, there is no statutory requirement or authorization to fund, from tax fund revenue, the anti-litter program of the Department of Natural Resources established by C.R.S. 1973, 24-33-102(5). Insofar as the anti-litter program is directed towards cleaning up litter caused or induced by roads, this would be a proper expenditure of highway users tax fund money as part of the highway program. However, in the absence of an Act authorizing a direct appropriation by the Legislature to the Department of Natural Resources for these purposes, such an appropriation is invalid, in our opinion. Absent enabling legislation such an expenditure must be from the state highway fund pursuant to the State Highway Commission's budget authorization. Likewise, there is no statutory authorization for appropriation of tax fund revenues to the state inspector of oils or the Division of Communications, and none may appropriately be made.
While there is no inconsistency between Colo. Const. art. X, section 18, and appropriations to the Division of Communications, so long as the funded activities relate to State Patrol and highway purposes, it is our opinion that these expenditures should be funded by billing the respective agency, rather than by direct legislative appropriation, since there is no statutory authority for direct appropriation from the tax fund to the Department of Administration. We have dealt with this subject in a memorandum to the Department of Administration dated concurrently with this memorandum.
Accordingly I am in agreement with the opinion expressed by Attorney General Dunbar in his opinion No. 72-4687 to the effect that the Legislature, by the General Appropriation's Act alone, cannot authorize expenditures out of the highway users tax fund in the absence of enabling legislation. A general appropriation bill does not constitute substantive legislation.
As to whether transfer of funds or reimbursement of accounts is in order due to past actions of the Legislature which may not have been in accord with the proper practice, I am of the opinion that a court does not have jurisdiction to order such a transfer and past matters stand as they are unless and until the Legislature adopts an act requiring and implementing a transfer. This question is presently the subject of pending litigation, and a judicial resolution of the issue may therefor be expected.
In answer to some of your remaining questions the Highway Commission, in its discretion, is authorized to expend state highway fund money with respect to any public highway in the state, C.R.S. 1973, 43-4-206(b)(V). "Public highway" generally includes any road open by law to public traffic, C.R.S. 1973,43-1-202. Roads in universities, colleges and other facilities open to the public are included in this definition, and the Commission may budget money for such roads. In addition, the Highway Commission is empowered to declare any public road to be part of the state highway system, so long as the percentage of such roads, which are not part of any federal system, does not exceed an amount equal to five percent of the total mileage of the federal system. C.R.S. 1973, 43-2-101(1). The Department of Highways is required to construct and maintain all roads which the Commission decides to include on the state highway system. C.R.S. 1973, 43-2-102.
Costs associated with meeting environmental requirements imposed by federal, state or local law, or incurred for mitigation or elimination of adverse environmental impacts from highway construction or operation, are proper expenditures of the highway users tax fund. This includes the costs of preparing environmental impact statements, obtaining necessary permits (such as those relating to air pollution, water pollution and land reclamation), as well as implementation of measures for pollution control, revegetation, aesthetics, and wildlife and stream flow protection, and the like.
Costs associated with meeting occupational, safety and health standards which apply to highway construction activities are also proper uses of the highway users tax fund. These environmental and safety costs can generally be categorized as costs of constructing or maintaining a highway.
The term "costs of administration" as used in C.R.S. 1973,43-1-111(2), which limits such expenditures to not more than five percent of the annual Highway Commission's budget, appears to mean the cost of maintaining the Highway Department's supervisory and management structure. This is apparent from the differentiation made in the statutory language of section43-1-111(2) between costs for "administration" as opposed to "construction, maintenance, property, and equipment." Thus, expenses and salaries associated with the latter are not administrative costs to which the five percent limitation applies. In the final analysis, the Highway Commission is the body which must determine whether any particular proposed expenditure is associated with maintaining the supervision and management structure of the Department, or is related to construction, maintenance, property or equipment.
SUMMARY
In summary, the Colorado constitution provides that the highway users tax fund must be used for the cost of maintaining the fund's revenue generating system and for costs related to the construction, maintenance and supervision of public highways. These terms are susceptible to broad interpretation by the Legislature and a presumption of constitutional validity attaches to the uses authorized or permitted by the Legislature. The Legislature, by enactment, must determine how and by whom deposits in the fund may be administered and expended. It has provided a general structure for appropriation through the Highway Commission and the cities and counties. It has also passed various legislative enactments which authorize the General Assembly itself to make appropriations from the highway users tax fund, or, by which, the Legislature has chosen to make a particular appropriation from the fund.
However, the Legislature cannot make an appropriation out of the highway users tax fund by means of a general appropriations bill alone. The Legislature must have passed, or pass, a substantive piece of legislation enabling appropriation from the fund for the highway-related purposes it wishes to finance. Where the Legislature chooses to do this, its activity should be closely coordinated with the Highway Commission in order that revenues in the fund will not be overspent. Such coordination is required because the Legislature has given the Highway Commission general authority to fix state highway program priorities and to budget expenditures, without the necessity of seeking legislative approval. When the Legislature chooses to reassert itself in the process by substantive legislation, the Commission must necessarily readjust its plans and programs in light of the legislative action.
Very truly yours,
 J.D. MacFARLANE Attorney General
PUBLIC FUNDS HIGHWAYS LEGISLATURE APPROPRIATIONS
C.R.S. 1973, 43-4-201
C.R.S. 1973, 40-2-110(2) C.R.S. 1973, 43-1-111(2) C.R.S. 1973, 42-4-303(4)(a) C.R.S. 1973, 33-30-110(4) C.R.S. 1973, 24-33-102(5) C.R.S. 1973, 43-1-202
C.R.S. 1973, 42-4-302(4)(d)
Colo. Const. art. X, § 18
LEGISLATIVE BRANCH Auditor, Office of State General Assembly Legislative Audit Cte. HIGHWAYS, DEPT. OF
Highway-related revenue is constitutionally limited to use for the construction, maintenance and supervision of the public highways, which terms should be accorded a broad interpretation. The comprehensive statutory structure for appropriating such funds is constitutional and may be modified, but modification may be only by substantive legislation, not by a general appropriations bill.