Joseph S. McDONALD, Appellant,

v.

UNITED STATES of America, Appellee.

No. 5496.

United States Court of Appeals
Tenth Circuit.

June 20, 1957.

Rehearing Denied July 22, 1957.

Writ of Certiorari Denied Oct. 28, 1957.

See 78 S.Ct. 95.

728

Bryant H. Croft, Salt Lake City, Utah (Earl P. Staten, Salt Lake City, Utah, was with him on the brief), for appellant.

C. Nelson Day, Asst. U. S. Atty., Salt Lake City, Utah (Charles K. Rice, Asst. Atty. Gen., Joseph M. Howard, Atty., Dept. of Justice, Washington, D. C., and A. Pratt Kesler, U. S. Atty., Salt Lake City, Utah, were with him on the brief), for appellee.

Before HUXMAN, PICKETT and LEWIS, Circuit Judges.

HUXMAN, Circuit Judge.

■■ Appellant Joseph S. McDonald was tried in the United States District Court for the District of Utah on a three count indictment charging violations of 26 U.S.C. § 145(b),[1] (income tax evasion). He was acquitted on counts one and two and found guilty on count three. A sentence of eighteen months' imprisonment and a fine of $10,000 was imposed. The principal ground relied upon for reversal is that the sentence imposed by the court is illegal and void in that the allegations of count three constitute a violation of 26 U.S.C. § 3616(a)[2] and that the sentence imposed is in excess of the maximum allowed by Section 3616 (a). Whatever basis there may have been for this argument has been laid to rest by the decision of the Supreme Court in Achilli v. United States, 77 S.Ct. 995. The court there held that Section 3616(a) does not apply to income tax law violations and that all such offenses arise under and are controlled by Section 145(b). It follows that appellant was properly charged under Section 145(b) and that the sentence imposed being within the maximum authorized by that section is not excessive.

Other assignments of error need be noted only briefly. We are satisfied that count three adequately charged appellant with willfully and knowingly attempting to evade income taxes and that the evidence, if believed by the jury as it was, was sufficient to sustain the charge.

Without amplification we think it is sufficient to say that no reversible error

1. Section 145(b)
 "(b) Failure to collect and pay over tax, or attempt to defeat or evade tax.
 "Any person required under this chapter to collect, account for, and pay over any tax imposed by this chapter, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution."

2. Section 3616(a).
 "Whenever any person—
 "(a) False returns.
 "Delivers or discloses to the collector or deputy any false or fraudulent list, return, account, or statement, with intent to defeat or evade the valuation, enumeration, or assessment intended to be made; or, * * *."

was committed in excluding appellee's exhibits HH and QQ.

 It is contended that the court erred in excluding evidence appellant sought to elicit from Lyle D. Dickson, a Government witness, who was made appellant's witness. Dickson was a certified public accountant who had testified for the Government. He had audited appellant's books. He was asked about conversations he had had with appellant while examining his books. Specifically he was asked, "Did you ask Mr. McDonald why he listed on his returns the various source of compensation that were shown on the returns?" An objection was sustained to this question. It may be conceded as contended for by appellant that such statements or conversations under proper circumstances are admissible to show absence of a willfull or unlawful intent to evade income taxes.[3] The difficulty is that no offer of proof of what appellant intended to prove by this witness was made. While the Rules of Criminal Procedure do not contain a provision comparable to Rule 43(c) of the Rules of Civil Procedure, 28 U.S.C. under which a party may make an offer of proof where an objection has been sustained to a question, an offer of proof is nonetheless appropriate and proper in order to make a record of what examining counsel expects to elicit from the witness if the witness were permitted to answer the question.[4] In the absence of an offer of proof, we do not have the testimony before us and are thus unable to say that reversible error resulted from the court's ruling sustaining the objection to the question.[5]

An examination of the record in this case leads to the conclusion that no reversible error was committed, and the judgment is accordingly Affirmed.

3. See Miller v. United States, 10 Cir., 120 F.2d 968; Haigler v. United States, 10 Cir., 172 F.2d 986.

4. United States v. Peckham, D.C., 105 F. Supp. 775, 777.

5. Hunt v. United States, 8 Cir., 231 F. 2d 784; Christoffel v. United States, 91 U.S.App.D.C. 241, 200 F.2d 734; Elder v. United States, 9 Cir., 202 F.2d 465.