**Ruben S. HERRERA et al., Appellant,**

v.

**Lawrence E. WILSON, Warden, etc., Appellee.**

**No. 20455.**

United States Court of Appeals Ninth Circuit.

Aug. 5, 1966.

---

fornia Superior Court on December 9 and 11, 1963. Herrera was convicted of a violation of section 245 of the California Penal Code, assault by means of force likely to produce great bodily injury. Pommier was convicted of the same offense and also of robbery in the first degree. (Calif.Pen.Code § 211). They seek habeas corpus, which was denied by the trial court without a hearing.

Insofar as the petitioners rely upon the decision in Escobedo v. State of Illinois, 1964, 378 U.S. 478, 487, 84 L.Ed. 1758, 12 L.Ed.2d 977, their claim for relief is foreclosed by Johnson v. State of New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.

They also assert that there was a violation of the rule laid down in Pointer v. State of Texas, 1965, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923. In that case the defendants were charged with robbing one Phillips. At the preliminary hearing neither of the defendants had a lawyer. Phillips testified against them, but they did not cross-examine. Before they were tried Phillips moved out of the state. The prosecution was permitted to introduce at the trial the testimony given by Phillips at the preliminary hearing. The Supreme Court held that the right to confront and cross-examine witnesses guaranteed by the 6th amendment is applicable to the states under the 14th amendment and reversed the conviction. In so doing it said:

"Because the transcript of Phillips' statement offered against petitioner at his trial had not been taken at a time and under circumstances affording petitioner through counsel an adequate opportunity to cross-examine Phillips, its introduction in a federal court in a criminal case against Pointer would have amounted to denial of the privilege of confrontation guaranteed by the Sixth Amendment." (380 U.S., at 407, 85 S.Ct. at 1070.)

However, the Court also said:

"The case before us would be quite a different one had Phillips' statement been taken at a full-fledged hearing at which petitioner had been represented

Ruben S. Herrera, Norman Pommier, in pro. per.

Thomas C. Lynch, Atty. Gen., Robert R. Granucci, Deputy Atty. Gen., Michael R. Marron, Deputy Atty. Gen., San Francisco, Cal., for appellee.

Before HAMLEY and DUNIWAY, Circuit Judges, and MATHES, District Judge.

DUNIWAY, Circuit Judge:

Herrera and Pommier were jointly tried and separately convicted in Cali-

by counsel who had been given a complete and adequate opportunity to cross-examine." (*Ibid.*)

 In the present case, one of the parties claimed to be assaulted was one Ramsey. ' He testified at the preliminary hearing. So far as appears, both defendants were present and represented by counsel at that hearing and their counsel then cross-examined Ramsey. Even in this court petitioners do not assert that they were not represented at the preliminary hearing by counsel, that their counsel did not have a full opportunity to cross-examine, or that their counsel did not cross-examine.[1] The prosecution was unable to produce Ramsey. Use of Ramsey's testimony is permitted by section 686 of the California Penal Code, as it read at the time that petitioners were tried.[2] The objection is that, apparently by agreement between the prosecutor and Herrera's counsel, Herrera's counsel read the questions and the prosecutor read the answers to the jury. It is not asserted that counsel objected either to the use of the transcript of Ramsey's testimony or to the particular method whereby it was presented to the jury. Certainly it was within the power of counsel, who is and must be the manager of the law suit, to waive their objection to Ramsey's testimony by failing to assert it, and to cooperate with the court and counsel in its presentation to the jury. See Nelson v. People of State of California, 9 Cir., 1965,

346 F.2d 73, 78–79. Under these circumstances, we cannot hold that the procedure followed deprived the petitioners of any federally protected constitutional right.[3]

Other contentions made by the petitioners deal with state procedure and do not raise any federal question.

Affirmed.

---

1. Under California law, the magistrate must immediately inform the accused of his right to counsel, allow him time to obtain counsel and assist him in doing so, and assign counsel if he desires and is unable to employ counsel. (Calif.Pen.C. §§ 858, 859, 860.) Examination of witnesses must be in his presence, and cross-examination is allowed (*ibid.* § 865).

2. Calif.Pen.Code § 686, subd. 3 reads in part as follows:
   "In a criminal action the defendant is entitled:
   " * * * to be confronted with the witnesses against him, in the presence of the court, except that where the charge has been preliminarily examined before a committing magistrate and the testimony taken down by question and

answer in the presence of the defendant, who has, either in person or by counsel, cross-examined or had an opportunity to cross-examine the witness * * * the deposition of such witness may be read, upon its being satisfactorily shown to the court that he is dead or insane, or can not with due diligence be found within the state. * * * "

3. We do not presume that the state courts commit errors, much less that they have deprived defendants appearing before them of their constitutional rights. The presumptions are the other way. Sampsell v. People of State of California, 9 Cir., 1951, 191 F.2d 721, 725; Schlette v. People of State of California, 9 Cir., 1960, 284 F.2d 827, 833–834.