Mr. Justice Moore,
delivered the opinion of the Court.
Plaintiff in error will be referred to as the defend *123 ant. On October 20, 1963, an information in two counts was filed against the defendant accusing her of the crimes of first degree murder and conspiracy to commit murder. She entered pleas of not guilty and the case came on for trial to a jury on March 9, 1964. The jury returned verdicts of not guilty on'the conspiracy count and guilty of second degree murder on the count accusing her of murder. After motion for a new trial was heard and overruled, judgment was entered on the guilty verdict. The defendant was then sentenced to the state penitentiary for not less than twenty-five nor more than forty years.
It is undisputed that Richard A. Vanausdoll, who was the husband of the defendant, was shot and killed by one Scotty Gene Carr at about 9:15 P.M. on March 6, 1963. The killing occurred in the front yard of the Vanausdoll residence at 1490 South St. Paul street in Denver. Carr was apprehended and convicted of first degree murder and sentenced to life imprisonment in the state penitentiary.
Admittedly the defendant was not present at the time the homicide was committed by Carr. All of the testimony tending to connect her with the crime is circumstantial evidence and could only establish her guilt as an accessory before the fact. Among other points relied upon for reversal it is argued that the trial court erred in denying defendant’s motions for a directed verdict of not guilty on the ground that the evidence was insufficient to sustain a guilty verdict on either count of the information. Consideration of this assignment of error requires a reversal of the judgment and it is accordingly unnecessary to discuss the other points urged in argument.
Fourteen witnesses were called by the people, eight of whom gave testimony which in no manner whatever related to any alleged connection of the defendant with the killing of her husband. Six witnesses gave testimony which the Attorney General contends was sufficient to *124 justify submission of the case to the jury on each count contained in the information.
It is undisputed that Carr and the defendant had been carrying on an illicit relationship for several months prior to the homicide. Carr had the use of defendant’s automobile and on the date of the killing he drove it to and from the scene of the homicide. The defendant was employed as a barmaid at the Office Bar which was located about two doors away from the garage where Carr was employed during the spring and summer of 1962. The defendant’s automobile was parked near her place of employment by Carr following the homicide, and he returned the keys to her inside the business premises. When Carr handed the keys to her he made the statement, “I have taken care of one of your problems,” to which she asked, “What do you mean”? and he replied, “All the way.”
It would only unduly lengthen this opinion to set forth in detail the evidence concerning other statements attributed to the defendant, some of which were conflicting. The letters written by her to Carr during the course of their love affair, and all other evidence relied on by the people, have been carefully evaluated.
After the prosecuting authorities had completed their investigation of the homicide, and at a time when most of the evidence received upon the trial tending in any manner to implicate the defendant was known, they nevertheless released her from custody on the 11th day of March, 1963. The information against her was not filed until October 20, 1963. Carr, after being convicted of first degree murder, was sentenced on September 20, 1963, to life imprisonment. The defendant was a witness called by the people in that trial. It may well be that the district attorney believed that additional evidence could be presented beyond that which was in his possession on March 11, 1963. This inference arises from the fact that Carr was called as a witness for the people. However, he promptly refused to give any testimony and *125 was thereupon excused and returned to the penitentiary.
A careful consideration of all the evidence which was produced by the district attorney leads to the conclusion that all the circumstances offered in evidence can be given an interpretation which is entirely consistent with a reasonable hypothesis of innocence of the defendant. Under these circumstances the instant case falls within the coverage of the opinion of this court in Stevenson v. People, 148 Colo. 538, 367 P.2d 339, where we find the following pertinent language:
“Viewed in its entirety the evidence relied upon by the People is insufficient both in quality and quantity to support the verdict of the jury. It is unconvincing, leaves too much to speculation and conjecture, and is equally consistent with a hypothesis of innocence as with that of guilt. True, one possessed of only normal curiosity might be suspicious and surmise that Stevenson had something to do with the Homedew burglary, but mere suspicions, however strong, have not yet been accepted in lieu of proof beyond a reasonable doubt. Van Straaten v. People, 26 Colo. 184, 56 Pac. 905; Lombardi v. People, 124 Colo. 284, 236 P.(2d) 113; Goodell v. People, 137 Colo. 507, 327 P.(2d) 279; and Stull v. People, 140 Colo. 278, 344 P.(2d) 455.”
The judgment is reversed and the cause remanded with directions to discharge the defendant from custody.
Mr. Justice Schauer dissents.