No. 23795.

TOBY GALLEGOS AND DAVE GALLEGOS *v.* THE PEOPLE OF
THE STATE OF COLORADO.

(488 P.2d 887)

Decided September 20, 1971.

EDWARD H. SHERMAN, Public Defender, WILLIAM J.
CHISHOLM, Public Defender, ROBERT T. BURNS, Deputy,
for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE,
Deputy, ROBERT L. HOECKER, Assistant, for defendant in
error.

*In Department.*

Opinion by WILLIAM S. EAKES, District Judge.*

PLAINTIFFS in Error were defendants in the trial court,
were convicted by a jury of first degree murder on Sep-
tember 12, 1962, and were sentenced to life imprisonment
in the Colorado State Penitentiary. Their convictions
were reviewed on writ of error and affirmed by this
court by written opinion announced July 6, 1965. *Gal-
legos v. People,* 157 Colo. 484, 403 P.2d 864. Thereafter,
the defendants, under Colo. R. Crim. P. 35(b), petitioned

the trial court to vacate the judgment and sentence, arguing that the constitutional rights of the defendants, particularly the right of confrontation as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, were violated and that they were deprived of fundamental fairness and due process of law. The defendants urged that at the time they were tried it had not been decided that the confrontation provisions of the Sixth Amendment of the United States Constitution were obligatory in state court proceedings by virtue of the Fourteenth Amendment. However, this was clearly established in *Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923, decided by the United States Supreme Court on April 5, 1965. The trial court denied the motion, holding that there were no alleged violations of the constitutional rights of the defendants that were not effectively reviewed by this court in *Gallegos v. People, supra.*

■ The defendants by writ of error claim the trial court committed reversible error in denying their motion under Rule 35(b) whereby defendants claim that their constitutional rights of due process and confrontation of witnesses against them were denied by the improper admission into evidence of a police officer's report designated Exhibit O. This exhibit was used on cross-examination by defendants' attorney to refresh the witness' recollection and, thereafter, upon the prosecutor's request, was admitted into evidence. In *Gallegos v. People, supra,* the prior appeal, this court stated:

"There is a growing body of law which recognizes the worthiness of an extrajudicial identification, and holds testimony thereof admissible. *Dawkins v. Chavez,* 132 Colo. 61, 285 P.2d 821; *People v. Slobodion,* 31 Cal.2d 555, 191 P.2d 1; *State v. Wilson,* 38 Wash.2d 593, 231 P.2d 288; 4 Wigmore, *Evidence* Sec. 1130 (3rd ed); 1 *Wharton's Crim. Evid.* Sec. 181 (12th ed.); 71 A.L.R.2d 449; Morgan, 'Hearsay Dangers and the Application of the Hearsay Concept,' 62 Harv.L.Rev. 177, 192; Schley,

'Prior Identification Evidence and the Hearsay Objection,' 20 Rocky Mtn.L.Rev. 332.

"As an exception to the hearsay rule, its application has been extended to the admission of the testimony of a third person who heard or observed the extrajudicial identification under consideration, *DiCarlo v. United States,* 6 F.2d 364; *People v. Slobodion, supra; State v. Findling,* 123 Minn. 413, 144 N.W. 142; *see Trujillo v. People,* 112 Colo. 91, 146 P.2d 896; and admissibility is particularly sanctioned in cases where the identifier testifies at the trial, *People v. Slobodion, supra; State v. Frost,* 105 Conn. 326, 135 Atl. 446; *Dicarlo v. United States, supra;* 71 A.L.R.2d 487 and 491; Rule 504, *Model Code of Evidence.*

"We find no error in the admission of Exhibit 'O' insofar as it contains extrajudicial identificatory matter; and in connection with other matter appearing therein, we hold that error, if any, in its admission is harmless, or, possibly in some respects, advantageous to the brothers Gallegos."

In *McDaniel v. United States,* 343 F.2d 785, 789 (5th Cir. 1965), *cert. denied,* 382 U.S. 826, 86 S.Ct. 59, 15 L.Ed.2d 71, the court said:

"[I]t has customarily been held that the right of confrontation may not be invoked to exclude evidence otherwise admissible under well-established legitimate exceptions to the hearsay rule."

*See also United States v. Leathers,* 135 F.2d 507 (2d Cir. 1943); *Matthews v. United States,* 217 F.2d 409 (5th Cir. 1954); *Kay v. United States,* 255 F.2d 476 (4th Cir. 1958); 5 *Wigmore, Evidence,* 1397.

Since Exhibit O was held admissible under a well-established legitimate exception to the hearsay rule, it was not a violation of the defendants' right of confrontation or due process.

The questions in this regard were reviewed by writ of error in *Gallegos v. People, supra,* and cannot be raised again under Rule 35(b).

The defendants' second claim is that they "were denied their constitutional rights of confrontation by the rulings of the trial court in refusing to allow them on cross-examination to inquire into matters tending to show motive and bias of Lena Harmon and Rudy Ray Hidalgo, witnesses for the People."

This claim was also reviewed by writ of error in *Gallegos v. People, supra,* and cannot be raised again under Rule 35(b).

The defendants' third claim is that "Petitioners were denied their rights under the Fourteenth Amendment to the United States Constitution in the trial court's adoption of an unusual and prejudicial procedure in connection with the witness' claim of testimonial privilege, and further in not cautioning the jury to draw no inferences of guilt from either the repeated claims of privilege nor the procedures that followed in connection therewith."

This claim was also raised and reviewed in *Gallegos v. People, supra,* and cannot be raised again under Rule 35(b).

All of the safeguards which an accused is provided under the constitution, under the Standards of Criminal Justice, and under our criminal rules were afforded the defendants in this case.

Judgment affirmed·

MR. JUSTICE KELLEY, MR. JUSTICE LEE and WILLIAM M. ELA, District Judge*, concur.

---

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.