No. 24629

## Joseph Dyre Morse v. The People of the State of Colorado
(501 P.2d 1328)

Decided October 24, 1972. Rehearing denied November 6, 1972.

Robert L. Pitler, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

Joseph Dyre Morse was convicted of first-degree murder and sentenced to life in prison. On writ of error, we affirmed his conviction. *Morse v. People,* 168 Colo. 494, 452 P.2d 3 (1969). Thereafter, pursuant to Crim. P. 35(b), he initiated post-conviction proceedings in the district court raising the same issues he had previously asserted on writ of error. The district court refused to consider two issues because they had been theretofore resolved by this court and found the remaining two issues to be without merit. The appellant claims that the district court disposed of the issues erroneously. He further asserts that the district judge improperly forced him to either waive his attorney-client privilege or his claim of incompetence of counsel. We have determined that appellant's claims are without merit and affirm the district court.

On writ of error, we faced an inadequate record. The only matter presented to us that had been raised during the trial

was the question of compliance with the requirements of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We decided that there had been no error in this regard. We also reviewed the sufficiency of the evidence, even though the issue was raised for the first time on writ of error. We found that the evidence amply supported the jury's verdict. The remaining issues had not been raised at trial or on motion for a new trial and were impossible to determine on the record which was designated by appellant's present counsel. We were, therefore, severely limited in attempting to review the appellant's conviction by writ of error. A proper record on error would have made review possible in one proceeding and could have eliminated the need for post-conviction proceedings and this writ of error.

 In the post-conviction proceedings, the district court refused to consider the *Miranda* issue or the sufficieny of evidence issue. The district court concluded that these two matters were not within the purview of the post-conviction hearing, because they had been fully resolved by this Court. We agree. Nothing in the record justifies reopening these questions. The *American Bar Association Standards for Criminal Justice Relating to Post-Conviction Remedies,* § 6.1(a) provide:

"Unless otherwise required in the interests of justice, any grounds for post-conviction relief . . . which have been fully and finally litigated . . . should not be re-litigated . . . ."

*Trujillo v. People,* 178 Colo. 136, 496 P.2d 1026 (1972); *Gallegos v. People,* 175 Colo. 553, 488 P.2d 887 (1971); *Whitman v. People,* 170 Colo. 189, 460 P.2d 767 (1969).

 The remaining two issues are intertwined. First, the appellant says that certain depositions were improperly used against him, and second, he claims that he was inadequately represented by counsel at trial. The appellant admits that there was no objection to the use of the depositions at the time of trial, but he argues that the incompetence of his counsel serves as a valid excuse for the absence of a contemporaneous objection. Conversely, he argues that failure to object is evidence of incompetence of counsel. The

district court concluded that neither contention was valid. We concur with the district court's ruling. Agreeing to have the depositions read at trial, rather than to have forceful live testimony, was a trial strategy decision for trial counsel. Hindsight cannot replace the decision which the appellant's trial counsel made in the heat of trial. *Steward v. People,* 179 Colo. 31, 498 P.2d 933 (1972).

I.

## The Depositions

On stipulation of counsel, the depositions of Morse's two minor daughters had been taken three days prior to trial. The appellant was present with counsel and was granted full rights of cross-examination. Any objections could have been ruled upon by the judge before whom the depositions were taken. *See California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). At the trial, these depositions were read to the jury.

The appellant does not quarrel with the taking of these depositions, but he objects to their use without a finding of unavailability of the deponents. He asserts that the use of the depositions deprived him of his constitutional right to confront the witnesses against him. U.S. Const. amend. VI (Sixth Amendment) and amend. XIV (Fourteenth Amendment); Colo. Const. art. II, § 16. He also claims that the use of the depositions violated a specific requirement of the Colorado Constitution that depositions in criminal cases may only be used if there is a finding that the witness is unavailable. Colo. Const. art. II, § 17 (implemented in Crim. P. 15).

We find little merit in the appellant's contention, because prior to the reading of the depositions, there was a conference in chambers, with defense counsel present, and no objection was made when the depositions were read during the trial. It appears the defense counsel chose to permit the daughters' depositions to be read to avoid the impact of their live testimony before the jury on the identical incriminating circumstances. Morse's own daughter and his step-daughter testified that on the day of the murder, Morse came home in

ill-fitting clothes, with blood on his shoes, and with his own clothes in a bucket. The daughter testified that Morse asked her to wash the clothes and to shine the shoes. She also said that Morse later burned the clothes. The fact that this testimony came from Morse's minor daughters could only heighten its effect on the jury.

We have here a matter of trial strategy. Defense counsel chose to cross-examine the witnesses during the taking of the depositions, instead of before the jury. The decision was not whether to invoke a constitutional right, but how to most effectively reduce the impact of adverse testimony. Such matters of trial conduct and strategy are the responsibility of defense counsel. *Steward v. People, supra.* See generally, the *American Bar Association Standards for Criminal Justice Relating to The Prosecution Function and The Defense Function,* (Approved Draft, 1971), *The Defense Function.* If every decision in a contested trial had to be made by the accused, he would be denied effective assistance and the judgment of his trial counsel. The defendant's attorney is the expert at trial, not the defendant. *Lanier v. State,* 486 P.2d 981 (Alaska, 1971). In our judgment, the decision of defense counsel in this matter binds his client. It is true that the right to confront witnesses is a fundamental right and that waiver of such a right is not to be lightly found. *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). This decision was properly the responsibility of defense counsel. Therefore, the decision of defense counsel was an effective waiver. *Lanier v. State, supra; Herrera v. Wilson,* 364 F.2d 798 (9th Cir. 1966); *Wilson v. Gray,* 345 F.2d 282 (9th Cir. 1965).

Before leaving this point, it is appropriate to note that the district court was not required to consider the deposition issue in the Crim. P. 35(b) proceeding. This Court had affirmed Morse's conviction and had commented on the absence of objection at trial. Crim. P. 35(b) is not designed to eliminate the requirement for contemporaneous objection. *Neighbors v. People,* 171 Colo. 349, 467 P.2d 804 (1970).

## II.
## Competence of Counsel

We have read the briefs, heard arguments, and reviewed the record. All the points raised in the appellant's arguments are questions of trial strategy. Trial strategy is, with the exceptions noted in *Steward v. People, supra,* the responsibility of defense counsel. The *American Bar Association Standards for Criminal Justice Relating to The Prosecution Function and The Defense Function, The Defense Function,* § 5.2(a). Disagreement between attorneys over trial strategy does not establish that either one's strategy is wrong, and the best decisions cannot guarantee the outcome. The right to effective assistance of counsel is not a right to acquittal. The appellant's present counsel expresses disagreement with the trial strategy which was employed, but even with this result-oriented hindsight, he has not demonstrated inadequacy of trial counsel. *Steward v. People, supra; Martinez v. People,* 173 Colo. 515, 480 P.2d 843 (1971).

## III.
## Post-Conviction Proceedings

Finally, the appellant urges that reversal is required because of errors in the post-conviction proceedings. He asserts that the trial judge forced him to elect between his right to assert the attorney-client privilege and his right to testify to the conduct, statements, and representations of his trial counsel. The record reflects that the trial judge granted the defendant an opportunity to consider that his testimony would waive the attorney-client privilege. The appellant elected to remain silent after advice of his present lawyer. In our view, the trial judge correctly pin-pointed the issue without coercing a decision. Had the appellant testified as to the alleged incompetence of his counsel, it would have been proper for his counsel to testify as to his version of the event or transaction that led to that all-too-frequent charge of incompetence. *United States v. Woodall,* 438 F.2d 1317 (5th Cir. 1970). *See also, State Compensation Insurance Fund v. Foulds,* 167 Colo. 123, 445 P.2d 716 (1968) (civil case);

*Fearnley v. Fearnley,* 44 Colo. 417, 98 P. 819 (1908) (civil case). The *American Bar Association Standards for Criminal Justice Relating to The Prosecution Function and The Defense Function, The Defense Function,* § 8.6(c). Moreover, no offer of proof was made as to what the appellant's testimony might have been. The record before us does not demonstrate that reversible error occurred. *McDonald v. United States,* 246 F.2d 727 (10th Cir. 1957); *cf. Wafer v. People,* 175 Colo. 332, 488 P.2d 73 (1971).

Accordingly, we affirm the district court.

MR. JUSTICE GROVES not participating.