## No. 26347

## The People of the State of Colorado v. Robert Henry Mullins
(532 P.2d 736)

Decided March 10, 1975.

30

John P. Moore, Attorney General, John E. Bush, Deputy, Robert C. Lehnert, Assistant, for plaintiff-appellee.

Charles F. Willett, for defendant-appellant.

Sherman, Sherman & Morgan, P.C., Bryan Morgan, for amicus curiae Colorado State Public Defender.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

On appeal, defendant's conviction of first-degree murder was affirmed by this court in *People v. Mullins,* 188 Colo. 23, 532 P.2d 733, announced contemporaneously with this opinion. That opinion summarizes the facts as shown from the evidence which will not be repeated here. Defendant filed for post-conviction relief under Crim. P. 35(b). The trial court denied the motion and the defendant filed the appeal which we deal with in this opinion. We affirm.

I.

The defendant's 35(b) motion asserts that he is entitled to a new trial on the grounds that he was denied the effective assistance of counsel at the trial. Because of the nature of this assertion, the trial court appointed present counsel to represent the defendant in this matter rather than the public defender who had represented him at trial and who had initiated the appeal of his conviction.

The evidence of defendant's participation in the homicide as presented at the trial is strongly convincing and uncontroverted

by the defendant who rested at the conclusion of the prosecution's case. At the 35(b) hearing, the trial judge commented that the evidence presented at the jury trial "amply justifies a verdict of guilty of first-degree murder."

The 35(b) motion itemizes a list of instances which defendant alleges demonstrate that he was not effectively represented by the public defender at trial. At the 35(b) hearing, the defendant offered no evidence to support his allegations, or further, to show that he had not been afforded a fair trial, or to reveal that he had a meritorious defense which should have been presented, or that the manner in which he was represented was contrary to his expressed wishes and requests. Rather, his counsel stated to the court that the trial record itself was sufficient to demonstrate that the defendant was ineffectively represented at trial.

■ The trial judge presided at the 35(b) hearing and denied the motion. In effect, the trial judge ruled that the trial record alone, without any other evidence being presented by the defendant, was insufficient to support the allegations of the motion. We agree.

The district attorney at the 35(b) hearing represented that defense counsel conducted an orderly and sufficient defense and that he cross-examined witnesses and made meaningful objections. Our review of the trial record does not convince us that the defendant was represented by incompetent counsel or that he did not receive a fair trial. It appears entirely probable that the low key and non-aggressive manner of conducting the trial representation of the defendant was trial strategy employed by the public defender.

The record reveals that at the initial phase of the 35(b) hearing, the court inquired as to whether the defendant was ready to offer evidence in support of his 35(b) motion. The defense counsel replied that the defendant would offer no evidence in support of the motion except the trial record which would speak for itself in support of the allegations in the 35(b) motion.

As the 35(b) hearing was about to be concluded, the trial court indicated that the trial record alone was insufficient to support the allegations of the 35(b) motion. Thereupon, discussion between the trial court and counsel indicated that defense counsel was at this point desirous of putting the defendant on the stand. After a recess, defense counsel announced to the court as follows:

"I have conferred at length with the defendant, and in view of the various ramifications, an unknown but possible prejudice to the future proceedings, which might result from his testifying, the defendant has decided not to testify in these proceedings today, and elected to proceed as we had originally intended, without presenting his testimony, in reliance upon the record and the motion as it stands, and ask the Court to proceed and grant him a new trial."

From the above statement, and other discussion between the trial court and counsel, it is clear that the defendant and his present counsel were concerned about waiver of the attorney-client privilege between the defendant and his trial counsel if the defendant testified in support of his claim that he was incompetently represented at the trial.

In Colorado, the attorney-client privilege is stated in section 13-90-107(b), C.R.S. 1973. *Morse v. People,* 180 Colo. 49, 501 P.2d 1328 (1972) sets forth the general rule which is well established in Colorado. In *Morse,* this court ruled that by testifying to the alleged incompetence of his trial counsel, the defendant waived the attorney-client privilege. Further, if the defendant testified as to the incompetence of his trial counsel, it would be proper for the trial counsel to testify as to his version of the events and transactions which led to the charge of incompetence. We adhere to the decision made in *Morse,* which comports with the majority view on the issue of waiver. *See Annotation,* 51 A.L.R. 2d 521 (1957).

## II.

The defendant contends that the office of the State Public Defender is unconstitutional because it violates the separation of powers doctrine, and denies defendants a trial in accord with the due process clause of the state and federal constitutions. Defendant makes this argument because the State Public Defender is appointed and his compensation is fixed by the Colorado Supreme Court. Section 21-1-101, C.R.S. 1973. This statutory scheme does not create such a nexus as would violate the due process provisions, the separation of powers doctrine, or the right a defendant has to a fair trial.

Although the public defender is appointed by the Supreme Court, his office is afforded certain protections by the statute.

The State Public Defender is appointed for a term of five years, can be removed only for cause, and his salary is not subject to diminution during his term of office. Section 21-1-101, C.R.S. 1973. *Compare,* U.S. Const., Article III, Section 1; *Colo. Const.* Art. VI, Section 18.

■ Courts in the United States have always had the responsibility to provide that an indigent person charged with a crime is afforded a fair trial. To fulfil this responsibility, courts have exercised the inherent power of appointing counsel for an accused person who does not have the means to hire an attorney. Many states have now adopted the use of a public defender and in a substantial number of these states, like Colorado, the legislature has placed the appointing authority in the judicial branch. *See e.g.* Dist. Col. Code Enc. § 2-2204 (appointed by a panel of judges); Ill. Annot. Stat. 34 § 5602 (appointed by judges of the circuit courts); Geo. Code Annot. § 27-3206 (appointed by superior court of each county); Burns Ind. Stat. Annot. § 9-3501 IC 1971 35-11-1-1 (appointed by judges of circuit court); Mass. Gen. L. Annot. 221 § 34D (appointed by committee appointed by justices of the supreme court); and Wis. Stat. Annot. § 257.23 (appointed by supreme court).

■ No case involving a challenge of this power to appoint a public defender has been brought to our attention, and our research has not produced any significant precedent. The inherent judicial power to appoint counsel for indigent criminal defendants has deep historical roots, and has been expanded greatly in recent decades. From the decisions of *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932) and *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) through the most recent decisions, the duty of courts in criminal cases to appoint counsel for those unable to afford adequate representation has been reiterated and expanded. To rule that the appointment of counsel by the courts violated defendant's right to a fair trial would be mere sophistry.

The appointment of a public defender does not differ significantly from the appointment of private counsel in an individual criminal case. Indeed, the appointment of a public defender is of greater benefit to a defendant who is thereby provided counsel who is employed solely in criminal defense work.

■ The statutory system in Colorado, which protects the public defender's office with certain statutory safeguards, in no way violates the principles of separation of powers, or the other guarantees of due process. *Colo. Const. Art. III.* Indeed, the Colorado Constitution allows the supreme court to appoint "such. . . personnel as the court may deem necessary to aid in the administration of the courts." *Colo. Const. Art. VI, Section 5(3)*. Certainly, the legislature's determination that the State Public Defender be appointed by the Colorado Supreme Court is within the ambit of this constitutional provision. The office of the State Public Defender is clearly necessary to advance the sound administration of the courts in Colorado.

Other contentions of the defendant on this appeal are without merit and require no discussion.

The judgment is affirmed.