PUBLIC DEFENDER SERVICE CORPORATION,
Petitioner

v.

GOVERNOR RICARDO J. BORDALLO,
BUREAU OF BUDGET AND MANAGEMENT RESEARCH,
DORIS CAMINA, DEPARTMENT OF ADMINISTRATION,
FRANK BLAZ, Respondents

Civil No. 642-76
Superior Court of Guam
March 30, 1977

- - - - -

BENSON, Judge

OPINION

On July 20, 1976, Petitioner Public Defender Service Corporation filed a Complaint for Writ of Mandate, Mandatory Injunction and Alternative Writ.

Petitioner's complaint arose from the following facts. Petitioner's office was created by act of the Legislature, Public Law 13-51, approved by the Acting Governor on July 10, 1975. Funding for Petitioner's office was appropriated in P.L. 13-149 PART ONE Section 1(o)E in the amount of $344,563.00.

Pursuant to Executive Order, twenty per cent (20%) of Petitioner's funds were held in reserve and were not released to Petitioner. See Bureau of Budget and Management Research Circular No. 77-1.

The issue raised by Petitioner's Complaint is whether Respondent Governor Bordallo's order that funds be held in reserve is an authorized act as applied to Petitioner Public Defender Service Corporation. The principal question that must be answered in determining the Governor's authority in this case is whether Petitioner's office is a part of the Executive Branch or part of the Judicial Branch of the Government of Guam.

This Court finds that Petitioner Public Defender Service Corporation is a part of the Judiciary Branch. The finding is based on the following considerations:

1. The affidavits of eleven (11) senators of the Thirteenth Guam Legislature that they intended that the Public Defender Service Corporation be a part of the Judiciary Branch are persuasive authority that this was indeed the legislative intent of P.L. 13-51.

2. In P.L. 13-149, Petitioner's budget appropriation was included in the subsection which allocated funds to the Supreme Court and the other portions of the Judicial Branch. P.L. 13-149 PART ONE, Section 1(o).

3. Under P.L. 13-51 §60012(a), Petitioner's funds are administered through the General Administrative Services of the Judicial Branch.

4. Petitioner's function is to represent persons who are deemed by the Courts to be financially unable to hire private counsel. Appointment of counsel for indigents is an inherent power of the Judiciary. Petitioner's office is a very necessary part of the sound administration of the Courts, and as such its function is essential to the Judiciary branch. See People v. Mullins 532 P 2d 736, 739 (Colo. S. Ct., 1975).

5. Although P.L. 13-51 provides that Title V of the Government Code of Guam will serve as the guideline for Petitioner's Director in personnel matters, Petitioner's employees have never been classified or processed as civil service employees and are treated by the personnel office as being under the jurisdiction of the Judicial Council.

Having found that Petitioner is a part of the Judicial Branch of the Government of Guam, the Court holds that it is a violation of the doctrine of separation of powers required by the Organic Act for the Governor or any other member of the Executive Branch to interfere with Petitioner's receipt of legally appropriated funds.