Robert Henry **MULLINS**, Petitioner-Appellee and Cross-Appellant,

v.

Ronald R. **EVANS**, Superintendent, Colorado State Penitentiary, Respondent-Appellant and Cross-Appellee.

Nos. 79–1966, 79–1967.

United States Court of Appeals,
Tenth Circuit.

June 5, 1980.

**505**

Charles F. Willett, Delta, Colo., for petitioner-appellee and cross-appellant.

Robert C. Lehnert, Asst. Atty. Gen., Litigation Section, Denver, Colo. (J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., and Mary J. Mullarkey, Sol. Gen., Denver, Colo., with him on the brief), for respondent-appellant and cross-appellee.

Before SETH, Chief Judge, and McWILLIAMS and BARRETT, Circuit Judges.

McWILLIAMS, Circuit Judge.

Robert H. Mullins, an inmate of the Colorado State Penitentiary serving a life sentence imposed upon a conviction of first degree murder, brought the present action against Donald R. Evans, superintendent of the penitentiary. 28 U.S.C. § 2254. Mullins alleged that he did not receive the

effective assistance of counsel at the trial of his case, in violation of the Sixth Amendment. An evidentiary hearing was held, at which time Mullins, and his co-counsel at trial, testified. Based on such testimony the United States District Court for the District of Colorado found that Mullins' trial in state court was a mockery and a sham.[1] In accord with such finding the district court set aside Mullins' conviction and allowed the State of Colorado ninety days within which to retry Mullins. The district court further ordered that if there was no such retrial, Mullins was to be discharged from custody. See *Mullins v. Evans*, 473 F.Supp. 1321 (D.C.Colo.1979). Evans, the respondent, appeals that judgment. The district court stayed its order pending final resolution of the appeal.

Mullins was convicted by a jury in a Colorado state court of first degree murder and sentenced to life imprisonment. On appeal, his conviction was affirmed by the Colorado Supreme Court. *People v. Mullins*, 188 Colo. 23, 532 P.2d 733 (1975). Mullins later sought post-conviction relief in the Colorado courts. In that proceeding Mullins alleged a lack of effective representation. No evidence was offered in connection with that claim, and the state trial judge, on the basis of the trial record, denied relief. On appeal, that judgment was also affirmed by the Colorado Supreme Court. *People v. Mullins*, 188 Colo. 29, 532 P.2d 736 (1975).

As indicated, the United States District Judge caused his Memorandum Opinion and Order to be published. 473 F.Supp. 1321 (D.C.Colo.1979). Background information set forth in that order will not be repeated. It is sufficient to note that Mullins' trial counsel determined that it would be to Mullins' ultimate advantage to be convicted of first degree murder, rather than first degree murder with a recommendation of leniency, or any lesser included crime, such as

1. This case was heard by the trial court prior to *Dyer v. Crisp*, 613 F.2d 275 (10th Cir.), *cert. denied*, —— U.S. ——, 100 S.Ct. 1342, 63 L.Ed.2d 779 (1980), wherein we held that the Sixth Amendment demands that defense coun-

second degree murder or manslaughter.[2] Under applicable Colorado law at the time of the trial, one convicted of first degree murder with no recommendation of leniency was subject to life imprisonment. A conviction for first degree murder with a recommendation of leniency authorized the judge to impose a sentence of not less than fifteen years nor more than life. A conviction for second degree murder authorized a sentence of not less than ten years nor more than fifty years.

Defense counsel's interpretation of Colorado's parole statutes prompted their belief that it would be to Mullins' advantage to be convicted of first degree murder, with no recommendation of leniency, rather than being convicted of a lesser included crime. Under local parole law, a person convicted of murder in the first degree, with no recommendation of leniency, and sentenced to a life sentence, was at that time eligible to be considered for parole at the end of ten years. However, a person sentenced to a minimum and maximum sentence, such as, for example, not less than forty or more than fifty years, had to serve his minimum sentence, less time off allowed for good behavior, before he would be eligible for parole. Trial counsel were fearful that if a jury found Mullins guilty of first degree murder with a recommendation of leniency, or if he were found guilty of second degree murder, the state trial judge would sentence Mullins to such a long prison term that, from the standpoint of parole, Mullins would be better off with a first degree murder conviction and a life sentence. It was this sort of reasoning which prompted trial counsel to do all within their power to make certain that Mullins was in fact convicted of first degree murder, and not some lesser crime. Their efforts in that regard are set out in the trial court's Memorandum and Order. 473 F.Supp. at p. 1323.

■ As indicated, based on the record as made at the hearing on Mullins' § 2254 motion, the federal district judge found that Mullins' trial in the state court on the murder charge was a sham. It is self-evident that where a trial is a sham due to the conduct of defense counsel, such conduct falls way below the standard of reasonable skill enunciated in *Dyer v. Crisp*, 613 F.2d 275 (10th Cir.), *cert. denied,* —— U.S. ——, 100 S.Ct. 1342, 63 L.Ed.2d 779 (1980). Our study of the record leads us to conclude that the trial court's finding that Mullins' trial in the state court was a mockery and a sham is supported by substantial evidence. Indeed, this is a classic case of a sham trial. As the trial court observed, defense counsel in the state criminal proceeding "threw the fight" and tried in every conceivable way to make certain that Mullins was convicted of the highest grade of homicide, all because of some supposed advantage to be obtained as concerns eligibility for mere consideration for parole at some distant date in the future. Under such circumstances Mullins was indeed denied his Sixth Amendment right to the effective assistance of counsel. The fact that defense counsel's conduct in Mullins' trial was purposeful, and done with Mullins' acquiescence, is in our view unimportant. The critical thing is that the trial itself was a charade. So, because it was a sham trial, we agree with the trial court that Mullins' conviction must be vacated.

In his petition in the trial court, Mullins asked not only that his conviction be vacated, but also that Colorado's parole statutes be declared unconstitutional. In view of the fact that he set aside Mullins' conviction, the trial judge declined to consider the constitutionality of Colorado parole statutes. By cross-appeal, Mullins asks that we declare such statutes unconstitutional. Like the trial court, we decline to come to grips with that particular matter. In view of the fact that Mullins will now be retried within ninety days, or released from custody, possible parole problems resulting from what are said to be gross inequities in Colorado's parole system are only theoretical. There is no present controversy.

Judgment affirmed in its entirety.

---

sel exercise the skill, judgment and diligence of a reasonably competent defense attorney.

**2.** The prosecuting attorney elected not to ask for the death penalty, and that possibility was removed from the case at the outset.