Ronald Dean SWARTZ, Nathan James Croghan, and Percy E. Brady, Appellants,

v.

STATE of Iowa, Appellee.

No. 87–890.

Supreme Court of Iowa.

Sept. 21, 1988.

Ronald Dean Swartz, Nathan James Croghan, and Percy E. Brady, pro se.

Earl W. Hill, Kanawha, for appellants.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., for appellee.

Considered by McGIVERIN, C.J., and SCHULTZ, LAVORATO, NEUMAN, and SNELL, JJ.

SCHULTZ, Justice.

Three prison inmates, Ronald Dean Swartz, Nathan James Croghan, and Percy E. Brady, commenced individual original certiorari actions in this court, challenging the dismissal of each inmate's claim in three district courts. We responded to these petitions by treating them as appeals in the underlying district court proceedings. We consolidated these cases into a single appeal though allowed each party to file his own brief.

In district court, each inmate commenced nearly identical declaratory judgment actions against his individual sentencing judge. These actions contended that as an indigent, the inmate had been represented on his criminal appeal by the State Appellate Defender's Office. Each claimed ineffective assistance of counsel because of the appellate defender's built-in conflict of interest as a state employee. The State moved to dismiss each action, urging that the postconviction relief procedures of Iowa Code chapter 663A provided the sole remedy for plaintiff's claim. The inmates each sought to amend his petition to additionally attack the constitutionality of Iowa Code chapter 663A which provides for post-

conviction relief. All three actions were dismissed for varying reasons.

In their briefs, the inmates primarily challenge the constitutionality of chapter 663A, asserting that postconviction relief does not provide them a remedy. In the Mills County appeal, Croghan makes an additional claim regarding his individual sentence which we shall later discuss in greater detail.

I. *Dismissal of the Declaratory Judgment Actions.* The only issue properly before this court, which is relevant to all three inmates, is the dismissal of their declaratory judgment actions in district court. Each action seeks to declare Iowa Code chapter 13B, relating to the appellate defender, unconstitutional thereby opening the door for a claim of ineffective assistance of appellate counsel. In their briefs, the inmates also challenge the constitutionality of chapter 663A. This attack is irrelevant to the relief sought in district court however. Regardless of the route that the inmates follow in making these claims or how we address their procedural aspect, holding that chapter 13B is constitutional ends the controversy. We so hold.

■ Chapter 13B establishes the position of the State Appellate Defender which is authorized to represent indigents on appeal in criminal cases and in certain postconviction relief instances. Iowa Code §§ 13B.2, .4 (1987). The Governor appoints the appellate defender, who serves at the pleasure of the Governor, subject to Senate confirmation. § 13B.3. The State pays for this service. § 13B.6.

In creating this full-time office, the legislature responded to constitutional requirements. The Constitution of the United States mandates that indigent persons charged with felonies are to be provided effective assistance of counsel. *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The Appellate Defender's Office was created to insure that the constitutional right of indigent defendants to assistance of counsel is preserved. *See Bailey v. State,* 438 A.2d 877, 878 (Del.Super.Ct.1981) (citation omitted). In Iowa we utilize both the Appellate Defender's Office

and private attorneys on appeals. The inmates maintain that the appellate defender, as part of the executive branch of our state government, has a built-in conflict of interest. They assert that this violates due process, equal protection of the law and the fundamental guarantee of effective assistance of counsel. Because these arguments are grounded on false premises, their constitutional claims fail as a matter of law.

 The appellate defender, as any other public defender, acts in the same capacity and is bound by the same rules of the profession as a private attorney is. *In re Hough*, 24 Cal.2d 522, 528–29, 150 P.2d 448, 451 (1944); *People v. Mullins*, 188 Colo. 29, 532 P.2d 736, 739 (1975). In *Hough*, the court rejected the claim of improper representation because both the public defender and prosecutor are state employees by stating:

> Under this statute when the public defender is appointed to represent (the criminal defendant), he becomes the attorney for ... all purposes of the case and to the same extent as if regularly retained and employed by the defendant.... The public defender is free from any restraint or domination by ... the prosecuting authorities, ... (and) is as free to act ... as if ... regularly employed and retained....

24 Cal.2d at 528–29, 150 P.2d at 451. A federal court took the same position when the federal public defender system was attacked by a criminal defendant stating, "[W]hen appointed by the Courts to represent a defendant, they function independently of any agency of the government and in a truly adversary action." *U.S. v. Robinson*, 553 F.2d 429, 430 (5th Cir.1977) *cert. denied*, 434 U.S. 1016, 98 S.Ct. 735, 54 L.Ed.2d 761 (1978). Under our statutes the role of the appellate defender is similar to the public defenders in Colorado, California and the federal government. Regardless of who pays or appoints such officer, the defender is free to act only in the interest of the indigent client. While we agree with the biblical admonition that "no man can serve two masters," *Matthew* 6:24, in the representation of an indigent defendant the appellate defender only serves one master, the indigent client.

Chapter 13B does not create such a conflict of interest for the appellate defender as would violate constitutionally guaranteed due process. *Robinson*, 553 F.2d at 430; *Reid v. Richmond*, 277 F.2d 702, 702 (2nd Cir.1960); *Mullins*, 532 P.2d at 739. We know of no valid reason that this chapter would violate equal protection or a criminal defendant's right to effective assistance of counsel.

Whether the inmates' actions were properly a declaratory action or an application for postconviction relief, they do not state a claim upon which relief can be granted. There is no conflict of interest on the part of appellate defenders based on being appointed and paid by the executive department of state government. The trial court actions were properly dismissed.

II. *Mills County Sentencing*. In the Mills County case, Croghan additionally filed a motion for correction of an illegal sentence. He maintained that the sentence was illegal because the sentencing court incorrectly concluded that a mandatory-minimum sentence was required. This motion was overruled by the court. In its brief, the State suggested the petition was defectively pled but conceded the motion for correction of illegal sentence should be remanded to the district court for further proceedings. We conclude that the sentence is not void on its face and the motion was properly overruled. We agree that the matter be remanded to allow an amendment.

In summary, we hold that the inmates' actions in district court were properly dismissed. We remand the portion of the Croghan case to Mills County to allow Croghan to amend his motion for correction of illegal sentence to a petition for postconviction relief on that issue. Sufficient time should be granted to allow for the amendment and Counsel should be appointed for Croghan for that purpose if he is still indigent. The district court may then adjudicate such claim on its merits.

AFFIRMED AND CASE REMANDED. MILLS COUNTY