The PEOPLE of the State of Colorado,
Plaintiff–Appellant,

v.

Peter George WYMAN,
Defendant–Appellee.

No. 89SA405.

Supreme Court of Colorado,
En Banc.

April 2, 1990.

Alexander M. Hunter, Dist. Atty., and Bryan W. Quiram, Deputy Dist. Atty., Boulder, for plaintiff-appellant.

Law Offices of Paul E. Vranesic, Michael A. McManus, Denver, for defendant-appellee.

Justice ERICKSON delivered the Opinion of the Court.

This is an interlocutory appeal by the prosecution pursuant to C.A.R. 4.1, which followed the suppression of the results of a blood test by the district court. We reverse and remand with directions.

The defendant, Peter George Wyman, was involved in an automobile collision in Longmont, Colorado, on October 27, 1988. He was injured in the collision, and two persons in the other automobile suffered serious injuries. At the hospital, in the course of preparing the defendant for treatment, a vial of suspected cocaine fell out of his pocket and was given to a Longmont police officer. The officer performed a field test on the contents of the vial, which registered positive. Two blood samples were also drawn from the defendant by a phlebotomist. The Longmont police delivered one sample to Roche Biomedical Laboratory (Roche) and the other was stored for the defendant's use. Roche sent part of the sample to National Medical Services (NMS) in Willow Grove, Pennsylvania for further testing. The results of the tests were received by the Longmont police department on February 1, 1989. On February 22, 1989, charges of careless driving, § 42–4–1204(1), 17 C.R.S. (1984 & 1989 Supp.), and possession of a schedule II controlled substance, § 18–18–105, 8B C.R.S. (1986 & 1989 Supp.), were filed with the county court and a felony summons was issued.

The defendant appeared to answer the charges in the district court on March 21, 1989. On April 12, 1989, the prosecution moved to dismiss the careless driving charge and filed new charges of vehicular assault, § 18–3–205, 8B C.R.S. (1986), and driving under the influence of a controlled substance, § 42–4–1202(1)(c), 17 C.R.S. (1984 & 1989 Supp.). On April 24, 1989, after the enhanced charges were filed, defense counsel requested and obtained the refrigerated blood sample that had been preserved for the defendant. Dr. Kathy Verdeal examined the defendant's blood sample on July 26, 1989, but did not test the sample because it was too old and there likely would not be a positive result.

At the September 13, 1989, motions hearing the defense counsel moved to suppress and estop the prosecution from using the results of the blood test because the sample preserved for the defendant was so old that any drugs within the sample had metabolized to the point that the drugs could no longer be detected. Defendant's expert, Dr. Kathy Verdeal, expressed the opinion that the blood could not have been tested when defense counsel obtained the sample and possibly could not have been tested a month earlier. The prosecution sought a continuance to present rebuttal evidence, but the trial court concluded that further evidence was not necessary because the prosecution was "estopped" from using the results of the blood tests for failure to preserve a sample for the defendant. The blood sample drawn for the defendant was refrigerated and kept under the same conditions as the prosecution's sample.

■ The due process clause of the fourteenth amendment does not invariably require a state to preserve evidence which might be favorable to the accused when dealing with evidentiary material "of which no more can be said than it could have been subjected to tests." *Arizona v. Youngblood*, 488 U.S. 51, 109 S.Ct. 333, 337, 102 L.Ed.2d 281 (1988). When dealing with such evidence, unless an accused can show bad faith on the part of the police, failure to preserve useful evidence does not constitute a due process deviation. *Id.*

■ In *People v. Greathouse*, 742 P.2d 334 (Colo.1987), this court adopted the standard for determining the value of exculpatory evidence in a due process claim that was articulated by the United States Su-

preme Court in *California v. Trombetta,* 467 U.S. 479, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). The constitutional duty imposed upon the state to preserve evidence is limited to that evidence that is "constitutionally material." 467 U.S. at 488, 104 S.Ct. at 2533. For evidence to be constitutionally material, the evidence (1) must have an exculpatory value that was apparent before the evidence was lost or destroyed; and (2) the defendant must be unable to obtain comparable evidence through other available means. *Id.* at 489, 104 S.Ct. at 2534.

█ Here, the defendant asserts the civil doctrine of estoppel by delay or laches to support his theory of defense. *See Manor Vail Condominium Ass'n v. Town of Vail,* 199 Colo. 62, 64, 604 P.2d 1168, 1170 (1980). The elements of estoppel by delay are (1) a full knowledge of the facts; (2) unreasonable delay in the assertion of a remedy; and (3) detrimental reliance by another. *Id.*

█ We conclude that the doctrine of estoppel by delay is inapplicable to a criminal proceeding in the absence of a constitutional violation. No duty can be imposed upon the prosecution to file a charge until evidence is available to support the charge. DR 7–103(A), Colorado Code of Professional Responsibility. We perceive no violation of due process in this case. *See Arizona v. Youngblood,* 109 S.Ct. at 337. The blood sample taken for the defendant's use was kept under refrigeration and provided immediately after a request was made by defense counsel. There is no evidence of bad faith on the part of the police. The delay in obtaining the blood test results from NMS is also not intentional police misconduct.

We find no support for the civil concept of estoppel by delay as a basis for suppressing blood tests in this criminal case. Accordingly, we reverse and remand for further proceedings consistent with this opinion.