**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

**v.**

**Felipe BARRIENTOS, Defendant– Appellant.**

**No. 96CA1122.**

Colorado Court of Appeals,
Div. IV.

Oct. 30, 1997.

Rehearing Denied Dec. 4, 1997.

Certiorari Denied June 8, 1998.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Elizabeth Rohrbough, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Lou Walker, Denver, for Defendant–Appellant.

Opinion by Judge ROY.

Defendant, Felipe Barrientos, appeals a judgment of conviction entered on jury verdicts after separate trials finding him guilty of no proof of insurance, possession of a controlled substance, and possession of a controlled substance with intent to distribute.

We affirm in part and remand with instructions.

A state patrol officer stopped a pickup truck driven by defendant for speeding and asked defendant for his driver's license, vehicle registration, and proof of insurance. Defendant immediately produced his driver's license, and, after some delay, he also produced a valid vehicle registration and a proof of insurance which did not indicate that the insurance policy was in force on that date.

While waiting for defendant to produce the requested documents, the officer observed both live and spent ammunition in the bed of the truck and asked defendant and his passenger whether they were carrying guns, drugs, or large amounts of money in the truck. Both men answered in the negative. According to the officer, he then asked the men if he could search the truck and both consented. The passenger then advised the officer that he had a firearm under his seat.

The officer asked the men to get out of the truck, patted them down for weapons, and asked them to stand several feet away from the truck. The officer then searched the cab of the vehicle and found a handgun under the passenger seat, two fully-loaded magazines in the glove compartment, and $1,200 in cash. The officer also found approximately 23 grams of methamphetamine in a water bottle located under a spare tire in the bed of the truck behind the passenger seat. The methamphetamine was in the bottom of the bottle in a plastic bag wrapped in duct tape under a piece of facial tissue. The officer then arrested defendant and his passenger.

Prior to trial, defendant moved to suppress the evidence seized from the truck. He asserted that neither he nor his passenger had consented to the search and argued that the officer's search was improperly broad and should not have included the water bottle or its contents.

Following a hearing, the trial court concluded that no consent had been given. The trial court, however, held that the search was constitutionally permissible as a warrantless search incident to a valid custodial arrest (incidental search).

## I.

Defendant first contends that he was not under arrest at the time of the search and that, thus, the court erred in ruling that the incidental search was permissible. We disagree.

■ An incidental search is a recognized exception to the general principle that a warrantless search is not constitutionally permissible. *See People v. Edwards,* 836 P.2d 468 (Colo.1992). However, the fact that defendant was not under arrest at the time of the search is not determinative. When an officer is entitled to make an arrest on the basis of information then available to the officer, there is nothing unreasonable in the officer's conducting a search before, rather than after, the actual arrest. The controlling factor is whether the officer had reasonable grounds before the search to make an arrest and whether the search was justified. *Lavato v. People,* 159 Colo. 223, 411 P.2d 328 (1966).

■ Here, at the time of the search, the officer had stopped the vehicle for speeding, a Class A traffic infraction for which arrest is not authorized. Sections 42–4–1101 and 42–4–1701(2)(a), C.R.S.1997. After the stop, however, the defendant failed to provide evidence of insurance as required by statute, and that failure is a class 1 misdemeanor traffic offense for which arrest is authorized. Sections 42–4–1409 and 42–4–1705, C.R.S. 1997. Hence, since the officer could have arrested defendant for the misdemeanor traffic offense, a search incident to that arrest was permissible. *See Whren v. United States,* 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).

Therefore, because there was a basis for the officer to make a valid custodial arrest prior to the incidental search, an incidental search could be conducted.

## II.

Defendant next contends that the search of the bed of the pickup truck exceeded the permissible scope of the incidental search. We agree.

■ The rationale for permitting an incidental search is the need to prevent the

arrestee from obtaining a weapon or destroying evidence. Prior to 1969, these searches were very broad in scope, permitting the unrestrained search of the entire premises in which the arrest occurred or the entire vehicle in the possession or general control of the arrestee. W. LaFave, Search & Seizure 7.1 (3rd ed.1996). Then, in *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), the Supreme Court limited the permissible search of premises, in that case a residence, to the immediate vicinity of the arrestee from which he could obtain either a weapon or evidence.

Later, in *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), the Supreme Court addressed the issue in regard to an incidental search of an automobile. There, the court stated:

> [W]e hold that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.
>
> It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within reach of the arrestee, so also will containers in it be within his reach.... Such a container may, of course, be searched whether it is open or closed, since the justification for the search is not that the arrestee has no privacy interest in the container, but that the lawful custodial arrest justifies the infringement of any privacy interest the arrestee may have.

*New York v. Belton, supra,* 453 U.S. at 460–61, 101 S.Ct. at 2864, 69 L.Ed.2d at 774–75. The court went on to make it clear that its holding was limited to the passenger compartment and did not encompass the trunk.

Our supreme court applied Belton and approved the incidental search of a pickup truck's cab in *People v. Savedra,* 907 P.2d 596 (Colo.1995). The primary issue in Savedra was whether the cab of the truck could be searched when the arrestee had exited the vehicle immediately prior to any contact with the officer, and the defendant was ultimately arrested on an outstanding warrant.

The issue presented here, and not previously addressed in Colorado, is whether the open bed of a pickup truck is subject to an incidental search. We conclude that such a search is subject to the limitations set out in *Chimel v. California, supra.*

The rationale for permitting an incidental search beyond the person of the arrestee is to prevent the arrestee from obtaining a weapon or destroying evidence. Despite the apparent limits of this rationale, however, courts have, nevertheless, approved incidental searches of vehicles after the arrestee has been removed from the vehicle, arrested, restrained, placed in a police vehicle, and it is not contemplated that the arrestee will be permitted to return to the vehicle and arrestee's ability to do so without consent has been severely compromised. W. LaFave, Search & Seizure 7.1(a) (3rd ed.1996).

The open bed of a pickup truck, like the trunk of an automobile, is not normally or easily accessible to persons in the passenger compartment. It is, however, generally more accessible to an arrestee exiting, entering, or standing adjacent to the vehicle than the trunk of an automobile, which is normally closed and locked.

In our view, the incidental search of the open bed of a pickup truck is governed by *Chimel v. California, supra,* not *New York v. Belton, supra.* Under *Chimel,* the incidental search is limited to the person of the arrestee and the area from within which the arrestee might have obtained either a weapon or evidence. In determining the permissible scope of the search, the court must determine the totality of the circumstances surrounding the arrest and the search.

Here, the suppression hearing focused on whether there was consent to search, and did not concern itself with, and evidence was not introduced with respect to, an incidental search. The trial court, while concluding there was a valid incidental search, made no findings of fact as to its proper scope. Therefore, the matter must be remanded for findings and conclusions using the rationale of *Chimel v. California, supra.*

The issue is whether the water bottle was within the area immediately available to the defendant or his passenger while entering, sitting in, or exiting the cab of the pickup truck, taking into account the location of the bottle under the tire and rim. Whether an evidentiary hearing is necessary will be dictated by whether the parties have any additional evidence to offer other than that already admitted at the suppression hearing and at the subsequent trial.

### III.

Defendant also contends that the trial court erred in denying his motion to dismiss as the result of the failure of the police to preserve certain evidence. We disagree.

The record shows that, following his arrest, defendant's truck was seized, impounded, and, about a month later, was released to a bank that was the lienholder on the truck. When the truck was released, the water bottle which had contained the methamphetamine and the tire were released as well. Much later, defendant filed a motion requesting that the prosecution produce the truck, tire, tire rim, and water bottle.

He argued that these items were exculpatory and that the case against him should be dismissed if the items could not be produced for trial. Defendant argued that, following his first trial, the jurors indicated they would have liked to have seen those particular items. The court denied defendant's motion to dismiss.

■ Law enforcement officials have a duty to preserve evidence obtained during the investigatory stages of a case when that evidence is " 'constitutionally material.' " *People v. Wyman*, 788 P.2d 1278, 1280 (Colo. 1990). Evidence is constitutionally material if it possesses an exculpatory value that was apparent before its destruction and is of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means. *People v. Greathouse*, 742 P.2d 334 (Colo.1987).

In addition to the constitutional materiality test, our supreme court has instructed, with respect to evidentiary material "of which no more can be said than it could have been subjected to tests," *People v. Wyman, supra,* 788 P.2d at 1279, that the defendant must also show that the loss or destruction of the evidence was the result of bad faith on the part of the prosecution.

■ Under the circumstances here, we find ample support for the trial court's conclusion that there was no violation of defendant's due process rights as a result of the release of the truck and its contents. Any possible exculpatory value of the truck or its contents was not apparent to the authorities at the time the truck was released to the lienholder. Nor was it apparent to the defendant until the conclusion of the first trial when some members of the jury expressed interest.

Moreover, there is evidence that the truck, its tire and rim, and the water bottle were mass produced standard products. Hence, similar or even identical items could, presumably, be readily obtained for demonstration purposes.

Therefore, the failure to preserve the pickup truck, the tire and rim, and the water bottle does not, in our view, constitute a basis for dismissing the charges.

### IV.

Defendant's final contention is that the trial court erred in failing to instruct the jury, sua sponte, concerning the law of complicity. He maintains that because his passenger was charged as a co-defendant and during the trial the prosecution stressed that the two defendants acted together, a complicity instruction was required. Defendant also argues that the instruction was required because one of the original charges against him alleged that he aided or abetted another person in distributing drugs in Colorado. Again, we disagree.

### A.

■ We initially note that the charge of aiding or abetting another with the intent to distribute drugs was a special offender count. See 18–18–407, C.R.S.1997. The special offender statute is a mandatory sentencing provision only, requiring the court to sen-

tence offenders within a particular range if the specified extraordinary circumstances are present.

The special offender counts were not considered by the jury. Rather, they were considered by the court in imposing defendant's sentences. Hence, we find no merit in defendant's claim that the special offender charges required that a complicity instruction be given.

### B.

Nor are we persuaded that the court erred in failing, sua sponte, to give the jury a complicity instruction based on the evidence presented at trial. Because defense counsel did not request that such an instruction be given to the jury or object during trial to the trial court's failure to so instruct the jury, reversal is not required absent plain error.

Plain error exists only if, after reviewing the entire record, an appellate court can say with fair assurance that the error so undermined the fundamental fairness of the trial as to cast serious doubt on the reliability of the judgment of conviction. *People v. Wood,* 743 P.2d 422 (Colo.1987).

Evidence in the record would support a conclusion that when the defendant and his passenger were searched, each was carrying a very large amount of currency, and that another large amount of currency was found in the cab of the truck. In addition, there is testimony in this record that defendant and his passenger both knew that the drugs were in the truck, both intended to use some of the methamphetamine hidden in the water bottle, and both intended to sell the remainder. Under these circumstances, there was ample evidence upon which a jury could conclude that defendant was guilty as a principal. Hence, the court's failure to give a complicity instruction, sua sponte, was not plain error.

The judgment is affirmed as to the offense relating to proof of insurance. As to the remaining counts, the cause is remanded to the trial court for further consideration of whether the search of the open pickup truck bed and the search of the contents of the water bottle constituted a search incidental to the arrest. In the event the search is determined to be valid, then the judgment as to the remaining counts is affirmed subject to defendant's right to appeal that ruling. In the event the search is determined to be constitutionally impermissible, then the judgment as to the remaining counts shall be reversed and a new trial granted subject only to the prosecution's right to appeal that ruling.

NEY and MARQUEZ, JJ., concur.