**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 9, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOHN BRUCE FIFIELD,

    Defendant - Appellant.

No. 19-1440
(D.C. No. 1:19-CR-00059-RBJ-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

The Government indicted Defendant John Bruce Fifield on three drug charges: (1) possession with intent to distribute methamphetamine; (2) possession with intent to distribute marijuana; and (3) possession with intent to distribute marijuana to persons under the age of 21. On June 12, 2019, Defendant pleaded guilty to Count 1, which charged him with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). As part of the plea agreement, the Government agreed to recommend a sentence of 60 months' imprisonment. While the plea agreement contained an appellate waiver, Defendant reserved his right to appeal if the district court imposed a sentence of greater than 60 months.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Thereafter, a probation officer prepared a presentence investigation report ("PSR"). The PSR calculated a total offense level of 23 and assigned Defendant 13 criminal history points, resulting in a criminal history category of VI. Based on an offense level of 23 and a criminal history category of VI, Defendant's advisory guideline range was 92 to 115 months' imprisonment. Defendant did not object to this calculation but, as contemplated by the plea agreement, filed an unopposed motion for a downward variance and requested a sentence of 60 months. The district court granted the motion in part and sentenced Defendant to a term of 72 months' imprisonment.

Defendant now appeals his sentence. For the first time, he argues the PSR erroneously calculated his criminal history. Specifically, Defendant argues the district court plainly erred in assigning Defendant two criminal history points for two sentences arising from traffic infractions for failure to display proof of insurance. Defendant contends he should have received a single criminal history point for both sentences under U.S.S.G. § 4A1.2(a)(2). For the following reasons, we exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and affirm.

I.

Defendant's sole contention on appeal is that the district court plainly erred in applying U.S.S.G. § 4A1.2(a)(2). In short, § 4A1.2(a)(2) explains how a district court determines whether multiple sentences should be treated as a single sentence for purposes of calculating a defendant's criminal history. In this case, Defendant

2

argues the district court erred by treating his two failure-to-display-proof-of-insurance sentences as separate sentences.

To understand his argument, we must begin with the general rule. Ordinarily, a defendant receives one criminal history point for each prior sentence of less than 60 days. *See* U.S.S.G. § 4A1.1(c). But under U.S.S.G. § 4A1.2(a)(2), multiple prior sentences will be treated as a single sentence if: (1) the defendant was not arrested on the first offense prior to committing the second offense; and (2) the sentences for both offenses were imposed on the same day. Where multiple sentences of less than 60 days are treated as a single sentence, only one criminal history point is imposed. *See* U.S.S.G. § 4A1.2(a)(2).

Here, the district court implicitly adopted the PSR. In relevant part, the PSR awarded Defendant two criminal history points—one for each of his two failure-to-display-proof-of-insurance sentences—as follows:

| Date of Arrest | Conviction/Court | Date Sentence Imposed/Disposition | Points |
|---|---|---|---|
| 7/8/16 | Failure to Display Proof of Insurance<br><br>Jefferson County Case No. 2016T7147 | 12/21/16: Pled guilty, 45 days jail, concurrent with 2016T9442<br><br>1/23/17: Sentence reconsidered, 33 days jail | 1 |
| 9/25/16 | Failure to Display Proof of Insurance<br><br>Jefferson County Case No. 2016T9442 | 12/21/16: Pled guilty, 45 days jail, concurrent with 2016T7147 | 1 |

According to the PSR, Defendant was arrested for failure to display proof of insurance on July 8, 2016, and was subsequently arrested for failure to display proof of

3

insurance again on September 25, 2016. Because the PSR shows Defendant was arrested on the first failure to display proof of insurance (Case No. 2016T7147) *before* he was arrested on the second failure to display proof of insurance (Case No. 2016T9442), the PSR awarded each sentence a separate criminal history point.

Defendant did not object to the facts as reflected in the PSR—namely, that he was arrested on the first offense on July 8, 2016, and the second offense on September 25, 2016—or the legal calculation of his criminal history points. But now he presents evidence, and asks us to take judicial notice, of the fact he was not actually *arrested* on either failure to display proof of insurance. Rather, he was cited and issued a summons. Based on these new facts presented in the first instance on appeal, Defendant urges that he was not "arrested" on the first offense before committing the second. And because he was sentenced for both offenses on the same day, Defendant argues the district court should have treated the two sentences as a single sentence under U.S.S.G. § 4A1.2(a)(2). Defendant raises this issue for the first time on appeal, and so, we review for plain error.

To establish plain error, a defendant must show: (1) the district court committed error; (2) the error is plain; and (3) the error affected his substantial rights. *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005). If the defendant satisfies these three prongs, we will "exercise our 'discretion to correct the forfeited error if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Benford*, 875 F.3d 1007, 1016 (10th Cir. 2017) (quoting *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016)).

4

In this case, we need not decide whether Defendant can show the district court committed an error because, in any event, the error was not plain. This Court has not determined whether a traffic stop is equivalent to an arrest for the purposes of U.S.S.G. § 4A1.2(a)(2). But even if we had—and even assuming arguendo the legal error is plain—the error was *not* plain on the record before the district court.

As we have repeatedly explained, we are "disinclined to find plain error '[w]here the determinative facts are missing from the record due to the defendant's failure to make a timely objection.'" *United States v. Cristerna-Gonzalez*, 962 F.3d 1253, 1261 (10th Cir. 2020) (quoting *United States v. Frost*, 684 F.3d 963, 977 (10th Cir. 2012)). Because plain error must be examined "in the context of the record," an error is generally not plain if the record before the district court would not make the error clear or obvious. *United States v. Finnesy*, 953 F.3d 675, 694 (10th Cir. 2020). This is not to say plain error can never occur when the appellant raises an unpreserved fact-based argument, but sentencing courts are generally entitled to rely on the unchallenged findings of PSRs. *See Cristerna-Gonzalez*, 962 F.3d at 1262–63 (citing *United States v. Saro*, 24 F.3d 283, 291 (D.C. Cir. 1994)). Thus, it is only when those findings are "internally contradictory, wildly implausible, or in direct conflict with the evidence" that the factual errors may be obvious enough to satisfy plain-error review. *Id.* at 1263 (quoting *Saro*, 24 F.3d 291).

In this case, the PSR did not suggest Defendant was merely stopped and cited for his failure to display proof of insurance. Rather, as displayed above, the PSR reflected the date of Defendant's *arrest*. The district court was therefore operating

5

under the assumption Defendant was *arrested* on the first offense before he committed the second offense. Without an objection by Defendant, the district court lacked the necessary information to decide whether the two sentences should have been treated as a single sentence under U.S.S.G. § 4A1.2(a)(2). *See United States v. Hamilton*, 587 F.3d 1199, 1217 n.9 (10th Cir. 2009) ("By failing to present the claims to the district court, [the defendant] effectively prevented the court from making factual findings that would be germane to the disposition of [his] claims.").

Defendant argues it is "absurd" for the district court to believe he was formally arrested for the traffic offense at issue. We are not persuaded. Failure to display proof of insurance is a class 1 misdemeanor and an arrestable offense under Colorado law. *See* Colo. Rev. Stat. § 42-4-1409(4)(a); *see also People v. Barrientos*, 956 P.2d 634, 636 (Colo. App. 1997) (stating that failure to provide proof of insurance "is a class 1 misdemeanor traffic offense for which arrest is authorized"). Moreover, because Defendant had sustained two prior convictions for failure to show proof of insurance, it is entirely plausible an officer would arrest him on his third offense. Defendant's argument that it is "absurd" to believe he was arrested for failure to display proof of insurance is therefore without merit.

In sum, the factual error (i.e., the fact Defendant was cited rather than arrested for his failure to display proof of insurance) upon which the alleged legal error is based (i.e., the district court erred by not counting the two failure-to-display-proof-of-insurance sentences as a single sentence) is not "internally contradictory, wildly implausible, or in direct conflict" with the record. *See Cristerna-Gonzalez*, 962 F.3d

6

at 1263 (quoting *Saro*, 24 F.3d 291).  The factual error, *a fortiori*, is not obvious enough to satisfy plain-error review.  *Id.*; *see also Finnesy*, 953 F.3d at 694 (error is not plain if it is not "clear or obvious" on "the record before the district court").  Because the district court lacked the factual record necessary to make any legal error obvious or plain, we do not reach the other prongs of plain-error review and affirm Defendant's sentence.

Entered for the Court

Bobby R. Baldock
Circuit Judge